633 F.2d 880
 24 Fair Empl.Prac.Cas. 859,
24 Empl. Prac. Dec. P 31,402
Joe LUTCHER, Plaintiff-Appellant,
v.
MUSICIANS UNION LOCAL 47; Max Herman, individually and in
his capacity as a Member and President Governing Board of
Defendant Union; Marl Young, individually and in his
capacity as Secretary of Defendant Union; Rene Block,
individually and in his capacity as agent of Defendant
Union; Nellie Lutcher, individually and in her capacity as
Member of the Governing Board of Defendant Union; The Los
Angeles Unified School District; and Nunzio Crisci,
individually and in his capacity as Coordinator of the
Intergroup Cultural Awareness Program for Defendant School
District, Defendants-Appellees.
 No. 78-2909.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 30, 1980.
Decided Dec. 8, 1980.
 
 Arnold I. Siegel, Los Angeles, Cal., on briefs, for plaintiff-appellant.
 Lawrence R. Rosenzweig, Timothy J. McKnight, Los Angeles, Cal., on briefs, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SKOPIL and FERGUSON, Circuit Judges, and EAST,* District judge.
 SKOPIL, Circuit Judge:
 
 INTRODUCTION
 
 1
 Plaintiff Lutcher brought this action alleging discrimination on the basis of religion, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and of 42 U.S.C. §§ 1983, 1985. The district court granted summary judgment for all defendants on all claims, and denied as moot Lutcher's motion to amend his complaint. We affirm in part, reverse in part, and remand.
 
 FACTS
 
 2
 Lutcher is a professional musician. Before 1953 he belonged to Musicians Union Local 47 ("the Union"), but fell behind in his dues. In 1953 he was converted to the Seventh Day Adventist Church. Since that time, he has refused to pay dues because Church tenets prohibit union membership.
 
 
 3
 In November 1974, Lutcher contracted with defendant Crisci to perform 23 concerts in the Los Angeles Unified School District (the "School District"). Lutcher was to employ, equip and transport the members of his group, and exercise exclusive control over them. He was to be responsible for insurance, and to hold the School District harmless from liability for injuries. The School District agreed to pay Lutcher $3,125 upon completion of the performances. The School District retained the right to delete any material which in its opinion was unsuitable for the audience, and to terminate the program if it were "improper." Lutcher was understood to be "an independent contractor and not an officer, employee, or agent" of the School District.
 
 
 4
 Lutcher performed the contract. The School District did not renew it for the following year.
 
 
 5
 In 1975 Lutcher also served as business and personnel manager of the Watts Community Symphony Orchestra ("the Symphony"). The Symphony did not have a collective bargaining agreement with the Union.
 
 
 6
 In July 1975 John Stevens, a Church elder, wrote to defendant Max Herman, the Union's president. Stevens requested permission for Lutcher to perform with union musicians, offered to pay any delinquent dues, and to pay to charity an amount equal to current dues. Herman did not respond. When Crisci refused to renew Lutcher's contract, Lutcher notified Herman. He reiterated the accommodation Stevens had proposed. The Union rejected the proposal.
 
 
 7
 Subsequently, Herman wrote to Octave Bonomo, conductor of the Symphony, saying that Lutcher could not perform with union musicians. Herman asked that Bonomo respond in writing, outlining Lutcher's status. Lutcher continued with the Symphony as business and personnel manager, but did not become a performer.
 
 ISSUES
 
 8
 1. Did the district court err in granting summary judgment for the School District defendants on Lutcher's Title VII claim against them?
 
 
 9
 2. Did the district court err in granting summary judgment for the Union defendants on Lutcher's Title VII claims against them?
 
 
 10
 3. Did the district court err in granting summary judgment for the School District defendants on Lutcher's section 1983 claim, and for the Union defendants on the section 1985 claim?
 
 DISCUSSION
 I. Standard of Review
 
 11
 Summary judgment is appropriate only where the moving party has shown the absence of any genuine issue of material fact. Beltz Travel Service v. International Air Transport Association, 620 F.2d 1360, 1364 (9th Cir. 1980). Our review is identical to that of the trial court. Id.; Reed v. Lockheed Aircraft Corp., 613 F.2d 757, 759 (9th Cir. 1980). We note that courts are reluctant to grant summary judgment for defendants in Title VII cases, where motive and intent may be crucial elements, and the proof is in the hands of the alleged wrongdoers. Reed, supra.
 
 
 12
 II. Title VII Claim-The School District Defendants
 
 
 13
 Lutcher alleged that the School District violated Title VII by refusing to renew his contract. He contends that the School District's decision was based on his religious beliefs.
 
 
 14
 The legislative history of Title VII[1] reveals that the statute's purpose was "to eliminate, through the utilization of formal and informal remedial procedures, discrimination in employment based on race, color, religion, or national origin." H.R.Rep. No. 914, 88th Cong., 2d Sess., reprinted in 1964 U.S.Code Cong. & Ad.News, pp. 2355, 2391, 2401. The Supreme Court has said that Congress' objective was "to achieve equality of employment opportunities...." Griggs v. Duke Power Co., 401 U.S. 424, 429, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). Consequently, there must be some connection with an employment relationship for Title VII protections to apply.[2] The connection with employment need not necessarily be direct.[3]
 
 
 15
 The distinction between employment and an independent contractual affiliation depends upon the economic realities of the situation.[4] The extent of the employer's right to control the means and manner of the worker's performance is a primary factor.[5]
 
 
 16
 The uncontested facts show that Lutcher was an independent contractor. The district court did not err in awarding the School District summary judgment on the Title VII claim.
 
 III. Title VII Claims-The Union Defendants
 
 17
 Lutcher alleged that the Union limited his employment opportunities with both the School District and the Symphony. The district court held that no Title VII claim arose from Lutcher's affiliation with the School District, since Lutcher was an independent contractor. It further held that Lutcher did not state a cause of action under Title VII based upon his employment with the Symphony.
 
 A. Affiliation with the School District
 
 18
 We agree that Lutcher was an independent contractor with the School District. Neither is this a situation where a defendant subject to Title VII has interfered with an individual's employment opportunities with another employer. At most, the Union interfered with an independent contractor relationship between Lutcher and the School District. This does not state a cause of action against the Union under Title VII. See Smith v. Dutra Trucking Co., 410 F.Supp. at 518 & n. 11.
 
 B. Affiliation with the Symphony
 
 19
 To establish a prima facie case of religious discrimination under Title VII, Lutcher must show that:
 
 
 20
 (1) he had a bona fide belief that union membership and the payment of union dues are contrary to his religious faith; (2) he informed his employer and the Union about his religious views that were in conflict with the Union security agreement; and (3) he was discharged for his refusal to join the Union and to pay union dues.
 
 
 21
 Anderson v. General Dynamics, 589 F.2d 397, 401 (9th Cir. 1978), cert. denied, 442 U.S. 921, 99 S.Ct. 921, 61 L.Ed.2d 290 (1979) (footnote omitted; citations omitted). See Yott v. North American Rockwell Corp. (Yott II), 602 F.2d 904, 907 (9th Cir. 1979), cert. denied, 445 U.S. 928, 100 S.Ct. 1316, 63 L.Ed.2d 761 (1980); Burns v. Southern Pacific Transportation Co., 589 F.2d 403, 405 (9th Cir. 1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). The burden then shifts to the defendant to show "good faith efforts to accommodate (the plaintiff's) religious beliefs, and that such efforts were unsuccessful in accommodating those beliefs without undue hardship." Yott II, supra. See Anderson, supra; Burns, supra.
 
 
 22
 The Union claims that the statute's requirement that "an employer ... reasonably accommodate to an employee's or prospective employee's religious observance or practice," 42 U.S.C. § 2000e(j), does not apply to unions. The Union does concede that this court has consistently applied the provision to unions, on the theory that "Title VII clearly imposes the same duty not to discriminate on a union as it does the employer." Yott II, 602 F.2d at 909.[6] The Union claims that the rule should be limited to cases in which there is a collective bargaining agreement with an employer, who is jointly charged with religious discrimination. We disagree.
 
 
 23
 Title VII imposes the same duty not to discriminate on a union as it does on an employer. See 42 U.S.C. § 2000e-2(a), (c); Yott II, 602 F.2d at 909; Anderson, 589 F.2d at 399. The addition of a requirement that there be a collective bargaining agreement for the duty to apply to a union would be inconsistent with the liberal construction to be given to a broad, remedial statute. See, e. g., Ramirez v. National Distillers and Chemical Corp., 586 F.2d 1315, 1321 (9th Cir. 1978); Mahroom v. Hook, 563 F.2d 1369, 1375 (9th Cir. 1977), cert. denied, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); Davis v. Valley Distributing Co., 522 F.2d 827, 832 (9th Cir. 1975), cert. denied, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977).
 
 
 24
 Lutcher alleged that union membership and payment of dues violated his religious beliefs. The defendants have not contested this allegation. The Union admitted that Lutcher notified it of his beliefs. Lutcher alleged that he was denied the opportunity to perform with union musicians in the Symphony. The Union has not challenged this allegation. The record is devoid of any showing that the Union made a good faith effort to accommodate Lutcher's religious beliefs, or that it would be unable to do so without undue hardship.
 
 
 25
 The Union questions Lutcher's alleged injury. Because Lutcher is still employed by the Symphony as a business and personnel manager the Union contends that he was not injured by his inability to perform as a musician with the Symphony. The statute makes illegal discriminatory deprivations of promotion or transfer opportunities, as well as discharges. See 42 U.S.C. § 2000e-2(c) (2).
 
 
 26
 The district court's award of summary judgment for the Union defendants on Lutcher's Title VII claims arising out of his affiliation with the Symphony is reversed.
 
 IV. The Section 1983 and Section 1985 Claims
 A. Section 1983 Claim-The School District
 
 27
 Lutcher alleged that the School District violated section 1983 and his first amendment right of free exercise of religion by refusing to renew his contract because he was not a member of the Union. He has presented affidavits supporting his allegation. These are contradicted by affidavits presented by the defendants. This court has pointed out that: "In ruling on a motion for summary judgment, it is not the function of the court to resolve existing factual issues through a trial by affidavits." Ramirez, 586 F.2d at 1318; Reed, 613 F.2d at 759. The School District's motive in failing to renew Lutcher's contract is a genuine issue of material fact.
 
 
 28
 The School District, citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-86, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977), argues in the alternative that it was entitled to summary judgment even if Lutcher's religion was a substantial factor in its decision not to renew the contract, since the decision was also based upon the negative staff evaluations. We disagree. Mt. Healthy, supra, involved allegations of termination in retaliation for exercise of protected speech. This case involves neither retaliation nor speech.
 
 
 29
 It is immaterial in this case that the burden imposed on Lutcher's free exercise of religion was indirect. The allegations, if proven, would constitute a violation of the first amendment.[7] Sherbert v. Verner, 374 U.S. 398, 404, 83 S.Ct. 1790, 1794, 10 L.Ed.2d 965 (1963).
 
 B. Section 1985 Claim-The Union Defendants
 
 30
 Lutcher alleged that the Union defendants conspired, in violation of 42 U.S.C. § 1985, to deny him his rights of freedom of association and religion. The district court granted summary judgment because Lutcher had no property interest in the renewal of his contract with the School District.
 
 
 31
 It is not legally significant that Lutcher had no property interest in the renewal of his contract. Perry v. Sindermann, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972).[8]
 
 
 32
 The district court erred in granting summary judgment to the School District on Lutcher's section 1983 claim, and to the Union defendants on the section 1985 claim.
 
 CONCLUSION
 
 33
 We conclude that the district court did not err in granting summary judgment for the School District and Crisci on Lutcher's Title VII claim, and for the Union defendants on the Title VII claim arising out of Lutcher's affiliation with the School District. We conclude that the district court did err in granting summary judgment for the Union defendants on the Title VII claim arising out of Lutcher's employment with the Symphony and on his section 1985 claim, and for the School District and Crisci on the section 1983 claim.
 
 
 34
 The judgment appealed from is AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
 
 
 
 *
 The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 42 U.S.C. § 2000e-2 provides, in pertinent part:
 (a) It shall be an unlawful employment practice for an employer-
 (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion....
 (c) It shall be an unlawful employment practice for a labor organization-
 (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his ... religion.
 (2) to ... classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's ... religion.
 
 
 [2]
 Jenkins v. Travelers Insurance Co., 436 F.Supp. 950, 952 (D.Or.1977); Smith v. Dutra Trucking Co., 410 F.Supp. 513, 518 (N.D.Cal.1976), aff'd mem., 580 F.2d 1054 (9th Cir. 1978); Mathis v. Standard Brands Chemical Industries, 10 FEP 295, 296-97 (N.D.Ga.1975); B. Schlei and P. Grossman, Employment Discrimination Law 83 (1976). See also Spirides v. Reinhardt, 613 F.2d 826, 829 (D.C.Cir. 1979) (federal employment)
 
 
 [3]
 This might occur where a defendant subject to Title VII interferes with an individual's employment opportunities with another employer. Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1340-41 (D.C.Cir. 1973); Smith v. Dutra Trucking Co., 410 F.Supp. at 518; Spirt v. Teachers Insurance and Annuity Ass'n., 475 F.Supp. 1298, 1308 (S.D.N.Y.1979); Vanguard Justice Society, Inc. v. Hughes, 471 F.Supp. 670, 694-96 (D.Md.1979); Naismith v. Professional Golfers Ass'n., 85 F.R.D. 552, 558-60 (N.D.Ga.1979); Mathis, supra at 297; Puntolillo v. New Hampshire Racing Commission, 375 F.Supp. 1089, 1091-92 (D.N.H.1974); B. Schlei and P. Grossman, supra
 
 
 [4]
 Spirides, 613 F.2d at 831; Jenkins, 436 F.Supp. at 952; Mathis, 10 FEP at 297; B. Schlei and P. Grossman, supra at 846 (1976 & Supp.1979). See also United States v. Silk, 331 U.S. 704, 712, 67 S.Ct. 1463, 1467, 91 L.Ed. 1757 (1947)
 
 
 [5]
 Spirides, 613 F.2d at 831; Jenkins, 436 F.Supp. at 952. See also Silk, 331 U.S. at 714, 67 S.Ct. at 1468; Smith v. Dutra Trucking Co., 410 F.Supp. at 516. Additional factors are:
 (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i. e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the work accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.
 Spirides, 613 F.2d at 832. See Jenkins, 436 F.Supp. at 952; Mathis, 10 FEP at 297-98. See also Silk, 331 U.S. at 716, 67 S.Ct. at 1469.
 
 
 [6]
 See also Anderson, 589 F.2d at 399; Burns, 589 F.2d at 405; Yott v. North American Rockwell Corp. (Yott I), 501 F.2d 398, 403 (9th Cir. 1974). See also McDaniel v. Essex International, Inc., 571 F.2d 338, 344 (6th Cir. 1978); Cooper v. General Dynamics, 533 F.2d 163, 170-77 (5th Cir. 1976), cert. denied, International Association of Machinist & Aerospace Workers AFL-CIO v. Hopkins, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977); Hardison v. Trans World Airlines, Inc., 527 F.2d 33, 42 (8th Cir. 1975), rev'd on other grounds, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977); Nottelson v. A. O. Smith Corp., 481 F.Supp. 756, 759 (E.D.Wis.1979)
 
 
 [7]
 This case is not controlled by Yott I, 501 F.2d 398 at 403-04 and Linscott v. Millers Falls, Co., 440 F.2d 14, 17-18 (1st Cir.), cert. denied, 404 U.S. 872, 92 S.Ct. 77, 30 L.Ed.2d 116 (1971). In those cases, plaintiff challenged the constitutionality of the enforcement of a union security clause permitted by 29 U.S.C. 158(a). In this case, there was no such clause, nor did the Union even have a collective bargaining agreement with either the School District or the Symphony. What is challenged here is conduct not compelled, nor even sanctioned, by statute, and hence subject to a different test of constitutionality
 
 
 [8]
 See also Branti v. Finkel, 445 U.S. 507, 513-14, 100 S.Ct. 1287, 1292-93, 63 L.Ed.2d 574, 581-82 (1980); Mt. Healthy, 429 U.S. at 283-84, 97 S.Ct. at 574; Haimowitz v. University of Nevada, 579 F.2d 526, 529-30 (9th Cir. 1978)