698 F.2d 1019
 30 Fair Empl.Prac.Cas. 1705,
31 Empl. Prac. Dec. P 33,328
Albert A. GOMEZ, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
ALEXIAN BROTHERS HOSPITAL OF SAN JOSE; Edmond T. Doyle,
President, individually and in his official
capacity; and Alexian Brothers of
America, Defendants-Appellees.
 No. 80-4391.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1982.
Decided Feb. 9, 1983.
 
 Sidney C. Flores, San Jose, Cal., Susan Reilly, Washington, D.C., for plaintiff-appellant.
 Miriam Gerber, John M. Ottoboni, Ruffo & McNeil, San Jose, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and under 42 U.S.C. Secs. 1981 and 1985(3) to recover damages and secure injunctive and declaratory relief for the rejection on racial grounds of a contract proposal to operate the emergency room of defendant hospital. Plaintiff appeals from summary judgment dismissing his claims. We reverse.
 
 I.
 
 2
 Plaintiff, a United States citizen of Hispanic ancestry, practices medicine under the professional corporation name of American Emergency Services Professional Corporation Medical Group ("AES"). In 1978, plaintiff submitted a contract proposal to defendant hospital on behalf of AES, for the operation of the hospital's emergency room. Under the proposal plaintiff was to serve as the full-time director of the emergency room. Five of the twelve participating physicians were to be Hispanic.
 
 
 3
 Plaintiff alleges defendants' legal counsel told him "a proposal with too many brown faces will not fly" and hospital representatives told him his was the best proposal, but it would be turned down because the hospital feared awarding the contract to AES would turn the hospital "into a Mexican Institution." The contract was awarded to another physician group.
 
 
 4
 The district court granted summary judgment to defendants on the Title VII claim on the ground that plaintiff lacked "standing" because Title VII applies only to employment relationships. The court held under the proposed contract AES would have been an independent contractor and plaintiff would have been an employee of AES and not of the hospital. With respect to the claims under sections 1981 and 1985(3), the court concluded it was AES, not plaintiff individually, which sought the contract and which was injured by defendants' alleged discriminatory conduct.
 
 II.
 
 5
 Standing to assert statutory rights has two requirements. The first "is the Article III minima of injury-in-fact: that the plaintiff allege that as a result of the defendant's actions he has suffered 'a distinct and palpable injury.' " Havens Realty Corp. v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 1121, 71 L.Ed.2d 214 (1982), quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The second is that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute ...." Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970).
 
 
 6
 Here there is no question that plaintiff has alleged injury-in-fact. Relying on the general rule that a shareholder cannot maintain an action for injury suffered only by the corporation, see Erlich v. Glasner, 418 F.2d 226, 228 (9th Cir.1969), defendants contend the injury was AES's only, not plaintiff's. We disagree. The same discriminatory conduct can result in both corporate and individual injuries. See Marshall v. Kleppe, 637 F.2d 1217, 1219-21, 1222 (9th Cir.1980). Plaintiff alleges defendants' failure to award the emergency room contract because of his national origin has deprived him of employment as director of defendants' emergency room and caused him "humiliation and embarrassment." These injuries are personal to plaintiff and distinct from any injuries suffered by AES as a result of defendants' conduct.
 
 
 7
 Defendants contend that plaintiff lacks standing under Title VII because an independent contractor relationship was contemplated between defendants and AES and Title VII was intended to protect only employment relationships. It is true "there must be some connection with an employment relationship for Title VII protections to apply," Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir.1980), but "[t]he connection with employment need not necessarily be direct." Id.
 
 
 8
 Title VII, 42 U.S.C. Sec. 2000e-2(a), provides "[i]t shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with repect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ..." (emphasis added). This language has been interpreted to encompass situations in which "a defendant subject to Title VII interferes with an individual's employment opportunities with another employer." Lutcher v. Musicians Union Local 47, 633 F.2d at 883 n. 3. See Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1340-41 (D.C.Cir.1973).
 
 
 9
 Plaintiff alleges defendants' discrimination against him based on his national origin denied him the opportunity to be employed by AES as director of defendants' emergency room. The fact that plaintiff continues as an employee of AES does not mean the employment relationship between AES and plaintiff has not been interfered with. The conditions of plaintiff's employment are different than they would have been had he not been discriminated against. Defendants do not dispute that the hospital is an employer under Title VII, nor that plaintiff is an employee of AES. Moreover, the Act "does not use the term 'employee.' The phrase is, rather, the 'person aggrieved;' and that term can certainly be taken as comprehending individuals who do not stand in a direct employment relationship with an employer." Sibley Memorial Hospital v. Wilson, 488 F.2d at 1341. We agree with the District of Columbia Circuit that it would contravene Congress's intent in Title VII "[t]o permit a covered employer to exploit circumstances peculiarly affording it the capability of discriminatorily interfering with an individual's employment opportunities with another employer, while it could not do so with respect to employment in its own service ...."[1] Id. Plaintiff is entitled to have his Title VII claim tried on the merits.[2]
 
 
 10
 The same is true of plaintiff's claim under Secs. 1981 and 1985(3). "The guarantees of Sec. 1981 and Title VII against racial discrimination are coextensive ...." London v. Coopers & Lybrand, 644 F.2d 811, 818 (9th Cir.1981).
 
 
 11
 REVERSED and REMANDED.
 
 
 
 [1]
 If Smith v. Dutra Trucking Co., 410 F.Supp. 513 (N.D.Ca.1976), aff'd mem. 580 F.2d 1054 (9th Cir.1978), is to the contrary, we are not bound by it. See Local Rule 21(c). Cf. United States v. Allard, 600 F.2d 1301, 1306 n. 5 (9th Cir.1979)
 
 
 [2]
 We do not mean to imply AES would not have standing to claim damages for its own injuries which might include lost profits. "A corporation may suffer injury ... from unlawful discrimination against its officers and directors ...." Marshall v. Kleppe, 637 F.2d at 1220