**Raymond E. MONCE,**
**Plaintiff–Appellant,**

v.

**CITY OF SAN DIEGO,**
**Defendant–Appellee.**

**No. 88–6389.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1990.

Decided Feb. 1, 1990.

Gordon E. vonKalinowski, San Diego, Cal., on the brief, for plaintiff-appellant.

Michael G. Nardi, Seltzer Caplan Wilkins & McMahon, San Diego, Cal., for defendant-appellee.

John F. Suhre, Washington, D.C., for amicus curiae E.E.O.C.

Raymond Monce, Spring Valley, Cal., pro se.

Before SCHROEDER, FARRIS and NOONAN, Circuit Judges.

FARRIS, Circuit Judge:

This is an appeal from an order dismissing the plaintiff's complaint alleging age discrimination. Raymond Monce, a former deputy San Diego city attorney, alleges that he was constructively discharged from his position because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The district court found that Monce was not an employee covered by the ADEA because he was a member of the personal staff of an elected

official, and dismissed the suit for lack of jurisdiction. We affirm.

### BACKGROUND

The San Diego City Attorney's Office hired Raymond Monce as a deputy city attorney in the Criminal Division in 1976. He was a trial deputy, one of the lowest positions in the Office, and had very little individual authority. Monce served in that position until January 30, 1987, when his employment was terminated. He was 62 years old at that time. Monce alleges that his termination was a constructive discharge caused by age discrimination in violation of the ADEA.

The district court dismissed Monce's claim for lack of jurisdiction because it found that Monce was not an employee covered by the ADEA. The Act excludes from coverage "any person chosen by [an elected] officer to be on such officer's personal staff...." 29 U.S.C. § 630(f). Monce challenges the district court's holding that he was a member of the City Attorney's personal staff and thus subject to the personal staff exception to the ADEA.

### THE PERSONAL STAFF EXCEPTION

 We have already determined the scope of the personal staff exception in *Ramirez v. San Mateo County*, 639 F.2d 509 (9th Cir.1981). *Ramirez* is a Title VII case, but we construe complementary provisions of Title VII and the ADEA consistently. *Romain v. Shear*, 799 F.2d 1416 (9th Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). The relevant provision of the ADEA, section 11(f), 29 U.S.C. § 630(f), is identical to section 701(f) of Title VII, 42 U.S.C. § 2000e(f), which is construed by *Ramirez*. *Ramirez* is therefore controlling.

■ In *Ramirez* we decided that by including this exception Congress intended to exclude from the Act's coverage those persons who "perform to the district attorney's personal satisfaction rather than to the more generalized standards applied to other county workers by the civil service system." 639 F.2d at 513. Monce's job fits into this exclusion. A deputy city attorney in San Diego holds office "at the pleasure of" the City Attorney. Cal.Gov't

Code § 1301. Deputy city attorneys are not subject to the city's civil service laws unlike the majority of city employees. Charter of the City of San Diego, art. VIII, §§ 117–118.

In addition, this "level of personal accountability is consistent with the highly sensitive and confidential nature of the work which deputies perform as well as with the considerable powers of the deputy to represent the ... [City Attorney] in legal proceedings and in the eyes of the public." *Ramirez*, 639 F.2d at 513. Although Monce did not have an immediate personal relationship with the City Attorney and was not personally entrusted with a great deal of responsibility, as a deputy city attorney he was placed in the public eye as a representative of the City Attorney's Office and was empowered to exercise the legal authority of that office. The personal staff exception applies to this situation.

The position of deputy city attorney in San Diego is exempt from the ADEA. The district court did not err in dismissing plaintiff's ADEA claim.

AFFIRMED.