Philip P. KUCHAN, Jr., Plaintiff,

v.

Mary Jo HESTON, et al., Defendants.

No. C91–5465(T)D.

United States District Court,
W.D. Washington,
at Seattle.

May 5, 1992.

Naomi Berkowitz, Law Offices of Neil J. Hoff, Tacoma, Wash., for plaintiff.

Philip P. Kuchan, Jr., pro se.

Diane E. Tebelius, U.S. Attorney's Office, Seattle, Wash., Margot de Ferranti, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## ORDER

DIMMICK, District Judge.

Defendants (represented by the United States Attorney) move for dismissal of this cause of action.[1] The parties agree as to the material facts and agree that the issue before the Court is whether a private trustee is an employee for purposes of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). After full consideration of the briefs filed by counsel and the record as a whole, the Court grants defendants' motion.

Plaintiff Philip P. Kuchan served as a bankruptcy trustee in the Western District of Washington from 1983 to 1988. Kuchan was 59 years old at the time that United States Trustee Mary Jo Heston failed to name him to the bankruptcy panel. Kuchan contends that his position was filled by a younger person, and he therefore filed suit under the ADEA. During the five years that Kuchan served as a trustee he was under the supervision of Heston.

Heston was named as the United States Trustee for Region 18 on November 26, 1988, pursuant to passage of a federal statute ("Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986," Pub.L. No. 99–554, 99th Cong., 2d Sess., 100 Stat. 3088 (1986)), codified at 28 U.S.C. § 581 *et seq.* Prior to implementation of the statute, trustees

---

1. Defendants point out that the Attorney General is the proper defendant in this cause of action, but with this Court's decision here, an amendment of complaint is unnecessary.

such as plaintiff were appointed by the bankruptcy court. With the implementation of the new legislation, the Attorney General appointed a United States Trustee for each region. Each United States Trustee was given the responsibility of appointing private trustees to the panel.

> (a) Each United States Trustee, within the region for which such United States Trustee is appointed, shall—

>> (1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees in cases under Chapter 7 of Title 11;

>> (2) serve as and perform the duties of a trustee in a case under Title 11 when required under Title 11 to serve as trustee in such a case;

>> (3) supervise the administration of cases and trustees in cases under Chapter 7, 11, or 13 of Title 11 by, whenever the United States Trustee considers it to be appropriate—

28 U.S.C. § 586. The remainder of subsection (3) refers to the administrative duties of the United States Trustee regarding monitoring applications for compensation and reimbursement, monitoring plans and disclosure statements, monitoring progress of cases, etc. when appropriate.

The 1986 Act expressed the intent of Congress that persons already serving as trustees in cases under Chapter 7 "should be considered by United States Trustees for appointment under section 586(a)(1)." Although Kuchan applied for a position as a private trustee on the panel in November 1988, he was not appointed by Heston.

Uniform qualifications for private trustees were established by the Attorney General pursuant to 28 U.S.C. § 586(d) and published at 28 C.F.R. § 58.3. There is no prohibition in either the statute or regulations preventing a panel trustee from carrying on his or her profession in addition to acting as trustee. Pursuant to the regulations, the United States Trustee eval-uates a candidate's credentials and experience and his/her ability to perform the job. In appointing private trustees, the regulations also direct the United States Trustee not to discriminate.

> The United States Trustee shall not discriminate on the basis of race, color, religion, sex, national origin or age in appointments to the private panel of trustees or of standing trustees and in this regard shall assure equal opportunity for all appointees and applicants for appointment to the private panel of trustees or as standing trustee.

28 C.F.R. § 58.5. Additionally, the regulation indicates that the United States Trustee "shall be guided by the policies and requirements of Executive Order 11478 of August 8, 1969" and other anti-discrimination legislation.

Defendants seek dismissal of plaintiff's cause of action pursuant to Fed.R.Civ.P. 12(b)(6)—failure to state a claim.[2] Defendants' basis for arguing dismissal is that plaintiff's claim is premised on violation of the ADEA. It is undisputed that a cause of action against the federal government under the ADEA requires that plaintiff be an employee or an applicant for employment (29 U.S.C. § 633(a)). They insist that the position of a private trustee is not that of an employee.

Kuchan counters that the regulations prohibiting discrimination in appointment of private trustees and expressing a preference for those already serving support his claim of discrimination. Moreover, the role of a trustee is that of an employee.

■ As an initial matter this Court concludes that the regulations in question do not create a private right of action. *See Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 759 (5th Cir.1987) (regulations will not serve as the basis for a private cause of action). *See also Doe v. Attorney General of the United States*, 941 F.2d 780 (9th Cir.1991):

> No reference is made by either party to plaintiff's claims under Washington anti-discrimination law, but they appear to have no separate validity.

---

**2.** Although plaintiff has filed an affidavit, it does not raise any issue of material fact, and the question before the Court can be decided as a matter of law.

The case law demonstrates that courts have consistently refused to imply private rights of action against the United States or to ignore a condition on a sovereign immunity waiver when the statute and legislative history either were silent or indicated congressional intent not to grant the right requested.

*Id.* at 789. Unless Congress expressed its intent to cover private trustees in the ADEA, Kuchan has no cause of action. Thus the Court must determine whether or not a private trustee is an employee in order to be covered by the ADEA. There is no case directly on point, but the Court looks to cases defining who is an employee.

■ Defendants rely on *Cromelin v. United States*, 177 F.2d 275 (5th Cir.1949), holding that a bankruptcy trustee was not a government employee or officer for purposes of the Federal Torts Claim Act. Defendants cite to other cases in which trustees were held not to be employees, but none of these cases were discussed in the context of employment discrimination and are of limited usefulness here. Defendants also cite cases from other circuits in which parties (not trustees) seeking redress were held to be independent contractors, not employees, and thus not subject to the ADEA. *See, e.g., Garrett v. Phillips Mills, Inc.,* 721 F.2d 979 (4th Cir.1983); *Equal Employment Opportunity Comm'n v. Zippo Mfg. Co.,* 713 F.2d 32 (3d Cir.1983) (applying hybrid standard for determining employee status, combining "right to control" with "economic realities").

■ This Court concludes that an analysis first propounded by the District of Columbia Circuit and adopted by the Ninth Circuit, sets forth the most salient factors for determining employment status. *Spirides v. Reinhardt,* 613 F.2d 826 (D.C.Cir. 1979); *Lutcher v. Musicians Union Local 47,* 633 F.2d 880 (9th Cir.1980), citing *Spirides* factors.[3] The factors enumerated in *Spirides* and cited with approval in *Lutcher* follow:

(1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place to work; (4) the length of time during which the individual has worked; (5) method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; *i.e.,* by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the work accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Lutcher,* at 883 n. 5. The *Lutcher* court further noted that "[t]he extent of the employer's right to control the means and manner of the worker's performance is a primary factor." *Id.* at 883, footnote omitted.

In arguing their respective positions, the parties here have applied the *Spirides* factors to the role of a private trustee. The Court will rely on these factors in its analysis.

1. *"The kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision."*

Kuchan acknowledges having a degree of specialization, but references the supervision by Heston of his earlier work. The statute sets out the responsibilities of a private trustee at 11 U.S.C. § 704, including to collect all property and reduce to money, to be accountable for property received and to ensure the debtor's performance. Additionally, the supervision exer-

---

**3.** The *Spirides* case involved Title VII of the Civil Rights Act of 1964, but the parties agree that the Title VII analysis applies to ADEA. *See, e.g., Monce v. City of San Diego,* 895 F.2d 560 (9th Cir.1990). The same language appears in both statutes: In Title 7 an "employee or applicant for employment ..." 42 U.S.C. § 2000e–16(c); in ADEA, "employees or applicants for employment." 29 U.S.C. § 633a(a).

cised by the United States Trustee is general in nature:

> As used in the context of subsection (a)(1) of section 586, the word "supervise" should be read in conjunction with the word "maintain" and interpreted to mean supervision of the panel as a whole. In supervising the panel, the United States Trustee should provide regular training, appoint members more qualified to act in particular cases, remove members when appropriate, and guard against the inadequacy of faithful performance bonds.

*Collier on Bankruptcy* ¶ 6.08[6] (15th ed. 1992). Thus the Court concludes that private trustees exercise considerable independent power and judgment, with little supervision by the United States Trustee.

2. *"The skill required in the particular occupation."*

Kuchan's own affidavit refers to his expertise and training:

> I received training in the federal courts to aid me in the performance of my job. Prior to becoming a trustee, I worked from 1946 to 1982 in the banking industry and worked my way from bookkeeper to vice president of various branches of First Interstate Bank.

Additionally, under the regulations adopted pursuant to 28 U.S.C. § 586(d), a candidate for private trustee must be an attorney, a certified public accountant, holder of a degree with courses in business, or a law or business school student, or have "equivalent experience as deemed acceptable by the United States Trustee." 28 C.F.R. § 58.3(b)(6). This would certainly indicate "skill."

3. *"Whether the 'employer' or individual in question furnishes the equipment used and the place of work."*

Kuchan admits that he used his own home as an office and provided his own typing.

4. *"The length of time during which the individual has worked."*

Kuchan had worked for five years as a trustee prior to the failure of Heston to appoint him to the panel. Defendants argue that his prior work is irrelevant since he was not fired, but simply not appointed under a new system. The Court, however, believes this factor weighs in support of Kuchan, particularly in view of the intent expressed in the statute to consider for appointment persons already serving as trustees.

5. *"The method of payment, whether by time or by the job."*

Here, Kuchan clearly does not fit. Private trustees are paid by the bankruptcy court on the basis of the case completed. This is more like the commission paid to an independent contractor than a salary to an employee.

6. *"The manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation."*

Kuchan contends that he was terminated after five years of experience; whereas, defendants counter correctly that Heston did not terminate plaintiff, but simply did not appoint him to the panel under the 1986 statute. Kuchan also argues that the provision in 11 U.S.C. § 324 for the bankruptcy court to remove a trustee for cause is further indication that a private trustee is an employee and that there is an inconsistency between the defendants' argument that private trustees may be terminated at will and the notice and hearing required before a bankruptcy court may remove a private trustee. The Court finds no inconsistency where termination by the United States Trustee is completely separate from any removal by the bankruptcy court, and the latter does not stand in an "employer" relationship to the private trustee.

7. *"Whether annual leave is afforded."*

Kuchan received no annual leave.

8. *"Whether the work is an integral part of the business of the 'employer'."*

This factor tends to favor Kuchan.

9. *"Whether the worker accumulates retirement benefits."*

Kuchan admits he accumulates none.

10. *"Whether the 'employer' pays social security taxes."*

Kuchan admits that he must pay his own.

11. *"The intention of the parties."*

Kuchan states that this factor is inapplicable to the present circumstances. Defendants argue that the statute expresses Congress' intent not to regard private trustees as employees. With respect to Congress' intent, the statute differentiates in separate sections between the responsibility of the United States Trustee to name private trustees and to hire employees. Section 586 directs the United States Trustee to "establish, maintain, and supervise a panel of private trustees." Whereas, section 589 authorizes the United States Trustee to "employ staff and other employees on approval of the Attorney General." Also, it is significant that the statute does not anywhere refer to private trustees as employees—thus evincing the intent of Congress to treat private trustees as similar to independent contractors.

The Court concludes that Congress has not expressed its intent to regard private trustees as employees. Moreover, according to the *Lutcher* Court, the most significant factor in determining status is the employer's right to control the means and manner of the worker's performance. The Court concludes that private trustees exercise considerable independence in performing their responsibilities. The United States Trustee does not control the means or manner of performance. Finally, weighing all the above factors, the Court concludes that private trustees are not employees for purposes of the ADEA.

THEREFORE, defendants' motion is GRANTED, and this cause of action is DISMISSED WITH PREJUDICE.