**Thurman A. BASS, Plaintiff,**

v.

**CITY OF WILSON, Defendant.**

**No. 93–326–CIV–5–DE.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 22, 1993.

Lynn Fontana and Abigale S. Fine of Fontana & Fine, Durham, NC, for plaintiff.

James P. Cauley, III and Susan K. Ellis of Rose, Jones, Rand & Orcutt, Wilson, NC, for defendant.

ORDER

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on Defendant's Motion to Dismiss Plaintiff's claim of Age Discrimination in Violation of Public Policy, count two of Plaintiff's complaint, filed pursuant to The Equal Employment Practices Act (EEPA), N.C.G.S. § 143–422.1 *et seq.* Count one of Plaintiff's complaint alleges a violation of the federal Age Discrimination in Employment Act. Accordingly, this court is exercising pendent jurisdiction over the state law age discrimination claim.

■ A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d. 80 (1957). *See also Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). The Fourth Circuit has stated that "a motion to dismiss for failure to state a claim 'is viewed with disfavor and [should be] rarely granted.'" *Hospital Building Company v. Trustees of the Rex Hospital,* 511 F.2d 678 (4th Cir.1975), quoting 5 Wright & Miller, Federal Practice and Procedure, § 1357 at 598. *See also Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1471 (4th Cir.1991).

■ Defendant, in support of its motion to dismiss, claims that since Plaintiff was "merely a job applicant" and not an employee, he cannot take advantage of the public policy protections set forth by the EEPA. Since the EEPA is an exception to the employment at-will doctrine, Defendant asserts that a threshold requirement must be the existence of an employment relationship. Plaintiff, in response, argues that Defendant is construing the term "employment relationship" too narrowly and in a manner contrary to the number of statutes designed to eliminate employment discrimination.

The Equal Employment Practices Act announces that "[i]t is the public policy of this State to protect and safeguard the right of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex, or handicap by employers ..." N.C.G.S. § 143–422.2 (1977). The North Carolina Supreme Court has applied this statement of public policy to wrongful discharge cases, but has not yet considered whether to extend the statute to refusal to hire situations. *See Coman v. Thomas Manufacturing Co., Inc.,* 325 N.C. 172, 381 S.E.2d 445 (1989); *Amos v. Oakdale Knitting Company,* 331 N.C. 348, 416 S.E.2d 166 (1992). Nor has any lower court in North Carolina confronted the issue. Since there is no North Carolina case directly on point, this court must determine the rule that the North Carolina Supreme Court would deem proper.[1] *Lowe's North Wilkesboro Hardware, Inc. v. Fidelity Mutual Life Insurance Company,* 319 F.2d 469 (4th Cir.1963); *Brendle v. General Tire and Rubber Company,* 505 F.2d 243 (4th Cir.1974).

In interpreting the EEPA, the North Carolina Supreme Court has indicated that, when faced with a case of first impression, the court should "look to federal decisions for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases." *North Carolina Department of Correction v. Gibson,* 308 N.C. 131, 136, 301 S.E.2d 78, 82 (1983). The court in *Gibson* then went on to analyze a case decided under Title VII and concluded that "the principles of law and the standards above set forth as applied to Title VII are sound and properly focus the inquiry upon the ultimate issue of whether the employee was the victim of intentional discrimination. We therefore adopt the evidentiary standards and principles of law above set forth insofar as they are not in conflict with our statutes and case law." *Id.,* 308 N.C. at 141, 301 S.E.2d 78.

In light of this, the Court of Appeals later determined that "[t]he purpose of N.C.G.S. §§ 126–36 and 143–422.2 [the EEPA] is the

elimination of discriminatory practices in employment, the same purpose as federal Title VII, 42 U.S.C. § 2000e *et seq.*" *North Carolina Department of Correction v. Hodge,* 99 N.C.App. 602, 610, 394 S.E.2d 285, 289 (1990). *See also Phillips v. J.P. Stevens & Co., Inc.,* 827 F.Supp. 349, 353 (M.D.N.C. 1993) ("The public policy of North Carolina expressed in N.C.G.S. § 143–422.1 *et seq.* is essentially identical to the public policy articulated in Title VII.")

Title VII provides, in relevant part: "(a) It shall be an unlawful employment practice for an employer—(1) *to fail or refuse to hire* or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ..." 42 U.S.C. § 2000e–2 (1981) (emphasis added). Title VII, then, explicitly includes discriminatory refusal to hire, as well as wrongful termination or discharge. However, since Title VII does not encompass age discrimination, *Fields v. Texas Cent. Educ. Agency,* 754 F.Supp. 530 (E.D.Tex. 1989), *aff'd,* 906 F.2d 1017, *cert. denied,* 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668, we must look to the federal law which regulates this area, the Age Discrimination in Employment Act (ADEA).

The ADEA provides, in relevant part: "(a) It shall be unlawful for an employer—(1) *to fail or refuse to hire* or to discharge an individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age ..." 29 U.S.C. § 621, *et seq.* (emphasis added). The ADEA has been held to share a common purpose with Title VII—the elimination of discrimination in the workplace. *Cleary v. U.S. Lines, Inc.,* 555 F.Supp. 1251 (D.C.N.J.1983), *aff'd,* 728 F.2d 607 (3rd Cir. 1984). Consequently, complementary provisions of Title VII and the ADEA are to be construed consistently. *Monce v. City of San Diego,* 895 F.2d 560 (9th Cir.1990). In light of this identity of purpose of Title VII and the ADEA, our interpretation of the

---

1. Despite this court's urging, the North Carolina Supreme Court has declined to adopt procedures

for certification to it of unresolved issues of North Carolina law.

EEPA may be guided by principles of law under the ADEA, as well as under Title VII.

Like Title VII, the ADEA explicitly encompasses discriminatory hiring practices, as well as wrongful termination. At least one court has specifically held that the ADEA prohibits an employer from unjustifiably basing its hiring decision on a job applicant's age. *Reed v. Signode Corp.*, 652 F.Supp. 129 (D.Conn.1986). *See also Zinger v. Blanchette*, 549 F.2d 901 (C.A.Pa.1977), *cert. denied*, 434 U.S. 1008, 98 S.Ct. 717, 54 L.Ed.2d 750 (1977) (holding that the primary purpose of the ADEA is to prevent age discrimination in hiring and discharging workers). In addition, courts have consistently held that the ADEA is remedial and humanitarian in nature and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination. *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (C.A.Okl.1976), *aff'd*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), *rehearing denied*, 434 U.S. 1042, 98 S.Ct. 785, 54 L.Ed.2d 792 (1978). *See also Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 161 (5th Cir.1971); *Holliday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d 1221 (C.A.Pa. 1978); *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (C.A.Puerto Rico 1978).

The federal law of age discrimination, then, certainly encompasses discrimination in the hiring context as well as in the termination context. Therefore, if we must look to principles of federal law for guidance in interpreting the EEPA, it is logical to extend the protection of the EEPA to discriminatory hiring practices. The language of the EEPA bolsters this argument. The legislative declaration of the EEPA states: "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to *seek, obtain,* and hold employment without discrimination ..." (emphasis added). The statute goes on to explain the reasons for such a policy:

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the in-

terests of employees, employers, and the public in general.

Allowing a cause of action for wrongfully refusing to hire an individual based on age discrimination will further this public policy at both the hiring and employment stages, and will contribute toward alleviating the concerns referred to in the statute. If it violates public policy for an employer to discriminate against an individual during employment or as a basis for termination, then it is equally abusive to discriminate against an individual seeking employment. Therefore, Plaintiff can maintain a cause of action for failure to hire in violation of the public policy articulated in N.C.G.S. § 143–422.1 *et seq.*

In his complaint, Plaintiff has alleged sufficient facts to state a claim of wrongful failure to hire in violation of the public policy stated in the EEPA. Accordingly, Defendant's motion to dismiss is DENIED.

SO ORDERED.