Willie RUSH, Plaintiff–Appellant,

v.

WATKINS MOTOR LINES, INC.,
Defendant–Appellee.

No. 01–17567.

D.C. No. CV–00–20937–EAI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided March 3, 2003.

[redacted]

Before CANBY, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Willie Rush appeals the district court's grant of summary judgment in favor of Watkins Motor Lines, Inc., on his Title VII race discrimination claim. The district court held that, because Rush applied for and was rejected from an independent contractor position, he was not protected by Title VII. We affirm the judgment of the district court.[1]

Title VII protects employees, but it does not protect independent contractors. *See Adcock v. Chrysler Corp.,* 166 F.3d 1290, 1292 (9th Cir.1999). A primary factor in determining that an employer-employee relationship exists is the employer's right to control the means and manner of the worker's performance. *See Lutcher v. Musicians Union Local 47,* 633 F.2d 880, 883 (9th Cir.1980).

The record evidence demonstrates that Watkins' contractors, and not Watkins, control the contractors' trucking businesses. The contractors own their own trucks, pay for their own fuel, and are responsible for their own maintenance and insurance. *See Adcock,* 166 F.3d at 1293 (stating that the fact that a contractor owns equipment and vehicles weighs strongly in favor of finding an independent contractual affiliation); *Smith v. Dutra Trucking Co.,* 410 F.Supp. 513, 516 (N.D.Cal.1976), *aff'd,* 580 F.2d 1054 (9th Cir.1978) (finding minimal control where subhaulers for trucking company own their own equipment and pay their own costs). Watkins does not provide the contractors or their drivers with workers' compensation insurance, W–2 forms, uniform and radio rental fees, applicable federal and state tax contributions, sick time, schedules, or days off. *See Adcock,* 166 F.3d at 1293 ("[S]ocial security taxes[,] ... retirement, health care, workers' compensation, [and] vacation benefits ... are usually associated with employment...."). The contractors control all hiring decisions, disciplinary actions and terminations of employees. *See Penland v. Conn. Mut. Life Ins. Co.,* 1993 WL 204257, at *5 (N.D.Cal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo the district court's grant of summary judgment. *See Adcock v. Chrysler Corp.,* 166 F.3d 1290, 1292 (9th Cir.1999).

June 9, 1993) (stating that an employer's control over contractor's hiring and firing decisions is evidence of employee relationship).[2] Contractors and drivers retain control over when they work and how they make deliveries. *See Adcock,* 166 F.3d at 1292–93 (finding independent contractor affiliation rather than an employment relationship where dealership owner had contractual right to determine the means and manner in which cars were sold, as well as hours of operation).

Additional factors also support the district court's ruling. The tasks of driving and managing other drivers are performed with only the "basic level of supervision required to ensure that the arrangement ... is of some value to [Watkins]." *See Mazzei v. Rock–N–Around Trucking, Inc.,* 246 F.3d 956, 964 (7th Cir.2001).[3] The contractors are paid by the job. *See id.* at 964–65; *Penland,* 1993 WL 204257, at *6. They do not accrue sick leave, vacation time or retirement benefits with Watkins. *See Adcock,* 166 F.3d at 1293; *Penland,* 1993 WL 204257, at *7. And finally, the standard contract between Watkins and a contractor states that "neither of the parties hereto is the employer, employee, partner, joint venturer or agent of the other...." *See Barnhart v. N.Y. Life Ins. Co.,* 141 F.3d 1310, 1313 (9th Cir.1998) (citing language in contract as evidence of the parties' intention to enter into independent contractual affiliation).

Because "the overwhelming majority of factors weigh in favor of independent contractor status," *Adcock,* 166 F.3d at 1293, the district court correctly ruled that Wat-

kins' refusal to enter a contract with Rush did not violate Title VII.

AFFIRMED.

---

**2.** Although the plaintiff in *Penland* alleged a violation of the Fair Employment and Housing Act, the court applied the same standard for determining employee status as that used in Title VII actions. *See Penland,* 1993 WL 204257, at *3.

**3.** Although the statute at issue in *Mazzei* was the Labor Management Relations Act, the court applied the same standard for determining employee status as that used in Title VII actions. *See Mazzei,* 246 F.3d at 963.