**Robert S. BORREGARD, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation Administration, Respondents.**

**No. 93–70533.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 1995*.

Decided Jan. 31, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Jay C. White, Redwood City, CA, for petitioner.

Susan S. Caron, Office of Chief Counsel, Federal Aviation Admin., Washington, DC, for respondents.

Before: GOODWIN and SCHROEDER, Circuit Judges, and TASHIMA,** District Judge.

GOODWIN, Circuit Judge:

Robert Borregard appeals an NTSB decision affirming an FAA Emergency Order revoking his aircraft mechanic certificate and inspection authority on the charge that Borregard altered an aircraft's maintenance logs for a fraudulent purpose in violation of 14 C.F.R. § 43.12(a)(3). Borregard contends that the Board's finding that he breached § 43.12(a)(3) is not supported by substantial evidence and that the revocation of his certificates was an inappropriate and unconstitutional response to the charged violation. Because the Board's decision is not arbitrary and capricious and is supported by substantial evidence, we affirm. The penalty, too, was appropriate in light of the gravity of Borregard's infraction and established Board precedent.

I. *Standards of Review*

Review of NTSB orders is deferential. This Court must affirm unless the NTSB's order is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Findings of fact are conclusive, so long as they are supported by substantial evidence in the record. Legal conclusions are generally reviewed *de novo*. *Olsen v. NTSB*, 14 F.3d 471, 474 (9th Cir.1994). However, an agency's interpretation of its own organic statute and regulations are accorded deference, unless "the administrative construction is clearly contrary to the plain and sensible meaning

** Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

of the regulation." *Hart v. McLucas,* 535 F.2d 516, 520 (9th Cir.1976).

## II. *The Legal Standard*

The Board's interpretation of § 43.12(a)(3) is arguably contrary to the plain meaning of the regulation. Correctly understanding § 43.12(a)(3) as an attempted fraud provision, the Board enunciated the elements of a § 43.12(a)(3) violation: 1) a false representation; 2) in regard to a material fact; 3) made with knowledge of its falsity; and 4) with the intent to deceive.

The language and purpose of § 43.12(a)(3), however, may call for a less exacting standard. The regulation prohibits "*[a]ny* alteration, for fraudulent purpose." (Emphasis added). By requiring that the alteration be actually false and made with knowledge of that falsity, the Board has effectively read the word "any" out of the regulation and replaced it with an implicit "knowingly false." The elements of attempted fraud would seem to be met so long as the actor subjectively believes the alteration is false, whether or not the information is actually false.

Although we note this lurking question, we do not need to make such subtle interpretive distinctions today as Borregard clearly violated § 43.12(a)(3) even under the more stringent standard applied by the Board.

## III. *Each Element of a § 43.12(a)(3) Violation is Supported*

█ Each element of a § 43.12(a)(3) violation is supported by substantial evidence. The basic facts of the case are not in dispute. Borregard initially entered October 24 as the date of inspection in the engine log of the plane at issue and October 28 as the inspection date in the air frame log. In fact, the inspection had not been completed by October 24 or 28. Keith Mason, the director of maintenance of Squadron Two Flying Club, Borregard's employer, asked Borregard to backdate the annual inspection to September in an apparent attempt to shield a club member from any liability arising from his flying an uncertified plane. Borregard covered the entries of the October dates with a sticker and entered September 1 as the date he completed the annual inspection. Once Bor-

regard learned that the FAA had received the false records, he attempted to cover up his misstatement. He again placed stickers over the entries, rewriting October 24 in the logs and submitting the new copies to the FAA. Later, he wrote "void" over the new October 24 entry. He finally recorded November 1 as the completion date, despite the fact that as of November 1, the annual inspection still had not been completed.

Borregard concedes that he made all the above date changes and that he knew that the inspection had not been completed even by November 1, the latest date entered. Accordingly, there is no question that the four entries were false and that Borregard knew of their falsity. Entry of the exact completion date only satisfies the air safety regulations. *Administrator v. Olsen,* NTSB Order No. 3582 at 10.

Borregard argues that he had no intent to deceive the FAA. In a nutshell, he argues that he intended to defraud only those who would rely on the records of Squadron Two, not the FAA. However, the fact that Borregard intended to defraud certain people and not others does not negate his bad intent. The pilots, mechanics, insurers, and anyone else who might rely on Squadron Two's safety records, even the public at large, are within the ambit of those protected by the air safety regulations requiring that maintenance records for aircraft be trustworthy. *Cf. Administrator v. Berglin,* NTSB Order No. EA–3846 at 5. Furthermore, there is substantial evidence suggesting that Borregard intended to defraud the FAA. Borregard knowingly presented false information to the FAA, sending the FAA copies of re-doctored records showing an October 24 inspection date. Later, Borregard showed up at the hearing with records bearing a November 1 completion date, when, by Borregard's own testimony, the inspection was completed after November 1.

As a matter of law, Borregard's false entries in the logs are material. The test of materiality is whether the false statements had the natural tendency to influence, or were capable of influencing, the decision of the FAA inspector to whom the logbook was

submitted. *Janka v. NTSB*, 925 F.2d 1147, 1150 (9th Cir.1991). As one would expect, materiality in the context of regulations requiring logbooks has been interpreted broadly to include any logbook entry which in any way illustrates compliance with the referenced regulations. *Administrator v. Olsen*, NTSB Order No. EA–3582 at 10. Clearly, certifying that maintenance on a plane had been completed when in fact it had not is material.[1]

## IV. *The Propriety of Revocation of Licenses as a Penalty*

Borregard contends that revocation of his mechanic and inspection certificates is not an appropriate sanction for the violation charged in that 1) it violates his substantive due process rights and 2) his actions do not show a lack of qualification. Both arguments are contrary to the great weight of authority.

The "liberty" that the Constitution protects does include choice of occupation. *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). However, the state has broad discretion to regulate professions through the police power, subject only to rational basis review. *Schware v. Board of Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). Because the qualification standards requiring accurate entries in maintenance logs are rationally connected to the public interest in safe air travel, there is no constitutional violation here.

Numerous cases have upheld the revocation of licenses not only for fraudulent entries, but the lesser included offense of intentionally false entries. The law is well-settled that "[a]n Inspection Authorization holder who knowingly misrepresents a logbook entry bearing on the condition of an aircraft ... clearly lacks the judgment a qualified certificate holder is expected and required to possess." *Administrator v. Rice*, 5 NTSB 2285 (1987). "[O]ne intentionally false log entry would be sufficient, in and of itself, to warrant revocation." *Administrator v. Olsen*, NTSB Order No. EA–3582 (1992), *aff'd Olsen v. NTSB*, 14 F.3d 471, 476 (9th Cir.1994). *See also, Administrator v. Berglin*, NTSB Order No. EA–03846 (1993) and *Administrator v. Coomber*, NTSB Order No. EA–4283. Thus, revocation of Borregard's inspection authority was the appropriate and expected response to the fraudulent log entries.

Likewise, Board precedents have implicitly held that integrity is a prerequisite to holding a pilot or mechanic certificate. *See, Administrator v. Barron*, 5 NTSB 256 (1985); *Administrator v. Coomber*, NTSB Order No. EA–4283; and *Olsen v. NTSB*, 14 F.3d at 476. Considering that this Court in *Olsen* affirmed revocation of a mechanic certificate for an intentionally false log entry in violation of § 43.12(a)(1), there can be no argument that an attempted fraud, a more serious violation, cannot warrant such a sanction. *Hart v. McLucas*, 535 F.2d 516, 520 (9th Cir.1976) (fraudulent entries carry a greater degree of culpability than intentionally false ones and, therefore, warrant more severe sanctions). Thus, revocation of Borregard's mechanic certificate was also an appropriate and predictable sanction.

## V. *Conclusion*

Reflecting on his own error of acquiescing to his employer, Borregard confessed, "I'm stupid. I really, really am stupid." While Borregard, who is arguably a simple naif manipulated by others, may be entitled to pity, he is not entitled to a mechanic certificate with inspection authority. Lack of judgment is just as serious a shortcoming for an airplane mechanic entrusted with certifying the airworthiness of planes as is a lack of mechanical skills. Borregard was correctly found in violation of § 43.12(a)(3), even under the stringent legal standard applied. Ninth Circuit and NTSB precedent, as well as common sense, support revocation of the certificates as an appropriate penalty. We AFFIRM.

---

**1.** Borregard raises several other irrelevant or baseless arguments that do not merit discussion.