62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herbert J. HOUSEN; Potatoes and Vegetables Express, Petitioners,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 94-70011.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided Aug. 3, 1995.
 
 Before: SNEED, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herbert Housen and Potatoes and Vegetables Express, a company of which Housen is President and majority shareholder, petition for review of the United States Department of Agriculture's denial of their request for review of the determination by the Agricultural Marketing Services Fruit and Vegetable Division's PACA Branch that Housen was "responsibly connected" to Angell Foods, Nevada, a company charged with violating the Perishable Agricultural Commodities Act, 7 U.S.C. Secs. 499a-499t (PACA).
 
 
 3
 The Agricultural Marketing Service (AMS) dismissed Housen's petition for review of the PACA Branch determination that he was responsibly connected to a PACA violator, Angell Foods, Nevada. AMS did so because Housen did not make a timely response to a notification from the PACA Branch that a determination of responsible connection would be made unless he responded to the contrary within 30 days. That notice was sufficient, and his failure to respond within the 30 days waived his right to a hearing. See Farley and Calfee, Inc. v. Department of Agric., 941 F.2d 964, 966-69 (9th Cir.1991). Housen attempts to avoid that result by asserting that the AMS misinterpreted the Department's own regulations when it determined that the notice was properly given. However, the AMS interpretation of the Department's own regulation--7 CFR Sec. 47.49(a)-(c) (1995)--was a reasonable one, and we defer to an administrative interpretation unless it is " 'clearly contrary to the plain and sensible meaning of the regulation.' " Borregard v. National Transp. Safety Bd., 46 F.3d 944, 945-46 (9th Cir.1995) (citation omitted). See also Faour v. Department of Agric., 985 F.2d 217, 219 (5th Cir.1993); Pupillo v. Department of Agric., 755 F.2d 638, 640-41 (8th Cir.1985). Housen also asserts that the evidence in PACA Branch's possession showed he was not responsibly connected, but that claim fares no better. The underlying evidence is far from demonstrating that Housen was not responsibly connected to Angell Foods, Nevada during at least the vast majority of the period during which the violations of PACA were committed.
 
 
 4
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3