83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark L. SWEENEY, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation
Administration, Respondent.
 No. 94-70426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided April 18, 1996.
 
 1
 Before: D.W. NELSON and JOHN T. NOONAN, Jr., Circuit Judges and TANNER,** District Court Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Mark L. Sweeney appeals the imposition by the Administrator of the Federal Aviation Administration (FAA) of a $2,500 civil penalty. We have jurisdiction and AFFIRM.
 
 
 4
 1. FAA Procedures.
 
 
 5
 Sweeney argues that there were no regulations in effect at the time he committed his alleged violations. He argues that because the D.C. Circuit Court of Appeals ruled in Air Transport Ass'n of America v. Department of Transp., 900 F.2d 369 (D.C.Cir.1990), vacated and remanded, 498 U.S. 1077 (1991), vacated, 933 F.2d 1043 (D.C.Cir.1991) that the rules implementing the civil penalties of the FAA were promulgated in violation of the APA and were not repromulgated until after his alleged violations, he could not be charged and fined civilly. Because his challenge raises a purely legal question of the retroactivity of a statute or rule, we review de novo. Borregard v. National Transp. Safety Bd., 46 F.3d 944, 945 (9th Cir.1995).
 
 
 6
 Sweeney relies on Air Transport Ass'n of America, exclusively for the proposition that the civil penalty provisions set forth in the C.F.R.'s (14 C.F.R. §§ 13.201-235) were substantive. He argues because the regulations were set aside by the D.C.Circuit in April 1990 and were not repromulgated until August 2, 1990, there were no penalty provisions in effect when his accident occurred on June 17, 1990.
 
 
 7
 Sweeney's argument is meritless. Notwithstanding the fact that the Air Transport Ass'n of America decision was vacated as moot, see, 933 F.2d 1043 (D.C.Cir.1991), its reasoning determining that the rules gave defendants some substantive rights has been disavowed. In JEM Broadcasting Co. Inc. v. F.C.C., 22 F.3d 320, 328 (D.C.Cir.1994) the court stated "[a]lthough Air Transport is no longer binding precedent, we recognize that our opinion there extended the 'value judgment' rationale further than any other case of this circuit of which we are aware; and to the extent it suggests a different result here, we disavow its reasoning." Thus, Sweeney relies on a case which has been vacated and its reasoning disavowed.
 
 
 8
 The authority to pursue civil penalty actions is derived from 49 app. U.S.C. § 1475 (which has since been repealed and replaced with the FAA Penalty Assessment Act of 1992). The penalty program was extended by Congress through August 1, 1992 and covered Sweeney's June 17, 1990 incident. The regulations implementing 49 app. U.S.C. § 1475 were codified at 14 C.F.R. § 13.201-.235. The FAA followed these regulations in commencing its civil penalty actions in 1991. The regulations contained procedures to implement the FAA's statutory authority; accordingly, they were properly used in processing the action against Sweeney. The procedures repromulgated in August 1990 were substantially the same as those in effect prior to the Air Transport decision and are substantially the same now after the repeal of 49 app. U.S.C. § 1475 and the replacement with the FAA Penalty Assessment Act of 1992. The regulations set forth the parties (§ 13.202-.204), the filing of documents (§ 13.208-.211), motion and discovery practice (§ 13.217-.200), evidence and burdens of proof (§ 13.222-.227), hearing and decision (§ 13.221, .230-.232) and appeal rights (§ 13.233-.235).
 
 
 9
 The FAA correctly used these procedural rules. The use of procedural rules in effect at the time of the hearing does not negatively implicate concepts of retroactivity. See Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1235 (9th Cir.1994) ("in both jurisdictional and procedural changes the Supreme Court has clarified that the district court should apply the law in effect at the time it renders its decision.").
 
 
 10
 2. Substantial Evidence.
 
 
 11
 Sweeney argues that the decision that he violated 14 C.F.R. § 91.9 (careless or reckless operation) § 91.65(a) (operating near other aircraft) and § 91.67(a) (right-of-way rules) was not supported by "credible evidence or witnesses" and, therefore, not supported by substantial evidence.
 
 
 12
 Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "A review for 'substantial evidence' is one undertaken with some deference." Howard v. FAA, 17 F.3d 1213, 1216 (9th Cir.1994). Under the substantial evidence standard of review, we must affirm where there is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. Loomis Cabinet Co. v. OSHRC, 20 F.3d 938, 941 (9th Cir.1994).
 
 
 13
 Under the arbitrary and capricious standard, a reviewing court must consider only whether an agency's decision was based on a clear error of judgment. See Dioxin/Organochlorine Center v. Clarke, 57 F.3d 1517, 1521, (9th Cir.1995). The court may reverse only when the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Beno v. Shalala, 30 F.3d 1057, 1073 (9th Cir.1994) (internal quotation omitted).
 
 
 14
 Sweeney's arguments are meritless. The FAA has met its burden of showing by substantial evidence that Sweeney violated the regulations at issue. Sweeney complains that James McCoy, the FAA's main witness, was not a qualified, college educated accident reconstructionist. McCoy, however, is an FAA inspector. He is responsible for certificate management, regulatory compliance, and accident investigation in Southeast Alaska. He holds multiple flight certificates and has been employed in the aviation industry since 1968. He received accident investigation training from the FAA. A court has "broad discretion in admitting expert testimony and its decision will be sustained unless it is 'manifestly erroneous'." Rent-A-Center v. Canyon Television & Appliance, 944 F.2d 597, 601 (9th Cir.1991). McCoy is clearly an expert in the field of aviation accidents.
 
 
 15
 McCoy testified that Sweeney should have given the right-of-way to Post because he was behind and to the left of Post's aircraft. Sweeney knew Post was in the vicinity and, therefore, according to McCoy, Sweeney was required to take reasonable steps to see and avoid Post's aircraft. Those steps include maneuvering his aircraft and, if necessary, moving in his seat to see the other aircraft. Sweeney's expert, Randels, agreed. See Rudelson v. United States, 602 F.2d 1326, 1330 (9th Cir.1979) (pilot's duty to see other aircraft involves the duty to use head movement and aircraft movement). The ALJ agreed with McCoy and assessed the $2,500 civil penalty in his initial decision and the Administrator affirmed the initial decision. The Administrator found that "[h]e operated too close to Post's aircraft, thereby creating a collision hazard. He did not make sufficient effort to locate and avoid Post's aircraft. Respondent's operation of his aircraft was careless or reckless."
 
 
 16
 The Administrator's decision cannot be said to be arbitrary and capricious because it is based on the relevant factors and is not based on a clear error of judgment. See Dioxin/Organochlorine Center, 57 F.3d at 1521. The ALJ and thus the Administrator did not abuse their discretion in relying on McCoy's testimony. Substantial evidence existed to find that Sweeney was negligent in the operation of his aircraft.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3