**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC NORMAN SHINE,<br><br>                    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                    Respondents. | No. 11-72740<br><br>N.T.S.B. No. EM-209<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
National Transportation Safety Board

Argued and Submitted January 14, 2014
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[**]

Eric Norman Shine petitions for review of the Coast Guard's order revoking

his merchant mariner license for mental incompetence. The Coast Guard relied on

acts that Mr. Shine had committed aboard merchant vessels, his refusal to submit

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raymond J. Dearie, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

to a psychological examination, and records indicating that he suffered from psychological disorders. After lengthy proceedings involving multiple appeals, the National Transportation Safety Board ("NTSB") affirmed. On appeal, Mr. Shine argues that the Coast Guard exceeded its jurisdiction in revoking his license, that it inappropriately obtained and considered treatment records in violation of the psychotherapist-patient privilege, and that the proceedings violated his due process rights. We deny the petition for review.

1.      The Coast Guard is authorized to suspend or revoke merchant mariner licenses on the grounds that Congress has enumerated in the Maritime License Suspension and Revocation Act, 46 U.S.C. § 7703. In relevant part, § 7703 authorizes the Coast Guard to suspend or revoke a merchant mariner license if the license holder "has committed an act of incompetence relating to the operation of a vessel." *Id*. § 7703(4). Coast Guard regulations define incompetence as the "inability on the part of a person to perform required duties, whether due to professional deficiencies, physical disability, mental incapacity, or any combination thereof." 46 C.F.R. § 5.31.

2.      After a four-day hearing, the administrative law judge ("ALJ") made factual findings that Mr. Shine had committed multiple acts of incompetence while aboard two merchant mariner vessels: the Steamship ("SS") Maui and the Motor

2

Vessel ("M/V") President Jackson. We review these factual findings for substantial evidence. *Borregard v. NTSB*, 46 F.3d 944, 945 (9th Cir. 1995). This is a highly deferential standard, which requires us to uphold the findings unless, "considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Wardell v. NTSB*, 884 F.2d 510, 513 (9th Cir. 1989). Here, the record does not compel such a result. In fact, the record establishes that Mr. Shine committed numerous inappropriate acts aboard the SS Maui[1] and M/V President Jackson. These acts included leaving areas of the ship unprotected by fire alarms, turning on a switch without knowing its function, disrupting fire drills, failing to report and improperly reporting for duty, and acting in an aggressive manner toward his crewmembers and superiors. On the basis of these findings, we conclude that the Coast Guard's order revoking Mr. Shine's license is not "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Borregard*, 46 F.3d at 945 (quoting 5 U.S.C. § 706(2)(A)).

3. In holding that Mr. Shine's license should be revoked, the Coast Guard relied both on these acts and on evidence that he was suffering from psychological disorders to conclude that he was mentally incompetent. This

---

[1] Mr. Shine was initially discharged from the SS Maui for refusing an order to resume watch over the ship's boiler room. However, the firm that owned the ship later rescinded his discharge.

3

evidence partially consisted of Mr. Shine's psychological records, which the Coast Guard used its subpoena power to obtain. *See* 33 C.F.R. § 20.608(d). Mr. Shine argues that these documents are privileged under *Jaffee v. Redmond*, 518 U.S. 1 (1996), which established a psychotherapist-patient privilege under Federal Rule of Evidence 501. The Coast Guard contends that the documents were not privileged because its regulations provide that the physician-patient privilege does not apply to suspension and revocation proceedings. *See* 46 C.F.R. § 5.67. It is not at all certain, as Mr. Shine urges, that the psychotherapist-patient privilege would, in this administrative setting, bar or impede the Coast Guard's collection of important information in the discharge of its credentialing responsibility.[2] However, we decline to address this issue, because the findings of the ALJ are readily supported without reference to the subpoenaed documents. We also decline to discuss Mr.

---

[2] Although we do not address the issue, if a psychotherapist-patient privilege applies to suspension and revocation proceedings, a modified version may be appropriate given that the purpose of these proceedings is to "help maintain standards for competence and conduct essential to the promotion of safety at sea." 46 C.F.R. § 5.5. To the extent the Military Rules of Evidence provide a helpful analogy, we note that Mr. Shine's records would fall under an exception comparable to one for evidence "necessary to ensure the safety and security of military personnel, military dependents, military property, classified information, or the accomplishment of a military mission." Mil. R. Evid. 513(d)(6).

Shine's due process claims, because they are without any evidentiary support in the record.

As a result of the foregoing, we affirm the Coast Guard's order as upheld by the NTSB.

**PETITION FOR REVIEW DENIED**.