**Marina LOPEZ, Plaintiff–Appellant,**

v.

**Edward A. GUERRERO, Director, Department of Labor, Commissioner; John M. Vega, Acting Commissioner; Monessa G. Lujan, Member; Mayor Joe A. Rivera, Member; Judith K. Camacho, Member; and, Danny A. Orlino, Member, Respondents,**

**Hatsuho International Country Club, Employer,**

**Dai–Tokyo Fire & Marine Insurance Co., Takagi & Associates, Carrier, Defendant–Appellees.**

DCA No. CV94–00056A.
Worker's Comp. No. 92–2626.

District Court of Guam,
Appellate Division.

Argued and Submitted Feb. 15, 1994.

Decided Feb. 16, 1995.

---

John C. Dierking, Agana, GU, for plaintiff-appellant.

Thomas L. Roberts, Moore, Ching, Boertzel, Civille, Dooley & Roberts, Agana, GU, for defendant-appellees Hatsuho Intern. Country Club, Dai–Tokyo Fire & Marine Ins. Co., and Takagi & Associates, Inc.

Before: JOHN S. UNPINGCO, Presiding Judge, ALFRED T. GOODWIN,* Senior Circuit Judge, and ALEX R. MUNSON,** District Judge.

## OPINION

MUNSON, District Judge:

This matter is before the Appellate Division after a decision by the Guam Worker's Compensation Commission denying disability benefits to appellant, which decision was affirmed by the Superior Court of Guam.

### Procedural History

Marina G. Lopez filed a claim with the Worker's Compensation Commission, seeking an award of total disability for injuries allegedly suffered while she was employed at Hatsuho International Country Club.

A hearing was held over several days, and culminated in the Commission's determination on October 18, 1993, that appellant did "not appear, as a matter of law, to be disabled within the meaning of the Guam Worker's Compensation law." The Commission's decision was reviewed by the Guam Superior Court, which upheld it on August 17, 1994, affirming both the findings of fact and conclusions of law.

Notice of appeal was timely filed on or about September 9, 1994.

---

* The Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

** The Honorable Alex R. Munson, Chief District Judge, United States District Court for the Northern Mariana Islands, sitting by designation.

954

## Standard of Review

Title 5 Guam Code Annotated (GCA) § 9240 provides:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

Section 9239 of Title 5 states that "[a] decision of an agency which is in accordance with the law and supported by substantial evidence shall be conclusive."

 "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Travers v. Shalala,* 20 F.3d 993, 996 (9th Cir. 1994). It is "more than a mere scintilla," *Richardson, supra,* but "less than a preponderance," *Bates v. Sullivan,* 894 F.2d 1059, 1061 (9th Cir.1990) (partially overruled on other grounds, *Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991) (en banc)). The court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the agency's decision. *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991).

 Accordingly, under the "substantial evidence" standard of review, the reviewing court must affirm where there is such relevant evidence as reasonable minds might accept as adequate even if it is possible to draw two inconsistent conclusions from the evidence. *Loomis Cabinet Co. v. OSHRC,* 20 F.3d 938, 941 (9th Cir.1994).

## Issues

Appellant argues that the Commission erred both factually and legally. Factually, because appellant claimed there was no evidence she was disabled prior to the scuffle and because the record contains substantial evidence of disability after the scuffle. Legally, because the Commission improperly accepted testimony on the issue of disability from a medical expert who was not qualified to testify regarding disability, and because the Commission failed to consider appellant's loss of earning capacity as a result of her injuries.

## Facts

On January 27, 1992, while employed at Hatsuho International Country Club, appellant was slapped and twice pushed to the floor during a scuffle with a co-worker. At the time of her injuries, appellant was a housekeeper in her early sixties. Over the next four months, the Country Club offered her different positions, requiring lighter duties, but she refused to accept them, never returned to work, and was ultimately discharged in June of 1992. Appellant then obtained a job at a local supermarket, where she worked for several months before quitting.

On September 14, 1992, appellant filed a claim for compensation with the Worker's Compensation Commission, alleging she had suffered injuries to her "hips and on the right side" and "back pain" during the tussle in January. Appellant's hearing was held on several days spread over many months and did not conclude until September 23, 1993. Four examining physicians, as well as other witnesses, testified and were examined by both counsel and the Hearing Officer.

Four doctors examined appellant prior to the Commission hearing: a neurosurgeon, an orthopedic surgeon, and two internal medicine specialists.

The first, Dr. Atendido, examined her on January 28th and the 31st, and February 4th and 10th, 1992. He testified that the only outward manifestation of the scuffle he could discern was a bruise on her right buttock, which would cause pain for a few weeks. He found osteoporosis and lumbar spondylosis, which he characterized as pre-existing degenerative conditions which would give her back pain, "regardless of any injury." He testified he was confident her pain was due to the arthritic condition and that she would have been in pain even without the incident at the country club. He also disclosed that she had come to him twice before with similar back and hip pain complaints, in 1988 and 1990. He concluded, "I have no reason to

believe the fall caused any permanent disability" and said she was "fine to go back to work any time she wants."

In May of 1992, appellant visited Dr. Chen, a neurologist. She complained of weakness and numbness on the right side of her body and on the left side of her face. Dr. Chen diagnosed Wallenberg's Syndrome and concluded that appellant had recently suffered a minor stroke. Dr. Chen concluded that appellant's minor stroke could not have been as a result of the scuffle at work, in part because at least one of the two CT Scans he conducted would have shown a contusion or scarring from a hemorrhage occurring at the time of the incident in January. He offered as his medical opinion that the pain she complained of in her leg could have been caused by the stroke, and that her minor neurological deficit would not cause any disability.

Appellant also sought treatment from Dr. Tolentino, an orthopedic surgeon. He saw her a total of five times between February 11, 1992, and May 26, 1992, and once again a year later, on June 22, 1993. Dr. Tolentino found no injury and attributed her pain to degenerative osteoporosis, which he explained was not uncommon in a woman of appellant's age. He found no neurological deficits or motor weaknesses, and agreed with Dr. Atendido's diagnosis of degenerative osteoporosis. The only support for appellant's claim that she was in pain were changes which had occurred in her spine before the fall; he said he found nothing else to buttress her allegations of pain. He agreed that there was no permanent disability.

The last physician to examine appellant was Dr. Macris, a specialist in internal medicine. Dr. Macris examined appellant on February 11, 1993, at the request of the insurance company and treated her one other time, on May 27, 1993, when she came to him for treatment. During the first visit, he found that she was able to flex, rotate, and extend appropriately for a person her age and declared there were no objective findings to document significant injury. He concluded that the subjective and objective findings were not consistent with those that would support a claim for disability: "I would feel that she's empowered to do any type of work which would not require vigorous, repetitive, relatively heavy manual work." He later concluded, "I would not have restricted her physically. I would put her in the same category of [other women] her age."

On October 18, 1993, a decision and order were issued by the Worker's Compensation Commission. The Commission found that, as a matter of law, appellant was not disabled within the meaning of Guam's Worker's Compensation law and denied her any disability benefits.

The Commission's decision was appealed to the Guam Superior Court, which affirmed on August 17, 1994. This appeal was timely filed.

*Analysis*

■ Guam Government Code (GGC) § 37002(h) defines "disability" as "incapacity, because of injury, to earn the wages which the employee was receiving at the time of injury in the same or any other employment." However, GGC § 37003 provides that compensation "shall be payable ... only if the disability ... results from an injury sustained while engaged in ... employment."

Our review of the factual findings in the record is limited to a determination of whether or not the findings were supported by substantial evidence. Here, having reviewed the entire record, we find that there was substantial evidence to support the Commission's determination that appellant was not disabled as a result of the scuffle. In particular, the four physicians concurred in their findings that appellant, as a woman in her sixties, suffered from degenerative bone conditions typical of a woman her age, and that these conditions might result in persistent low-grade pain. They further agreed that if appellant was indeed in pain, the pain was attributable to the pre-existing conditions and would have been exacerbated by the fall, if at all, for only a few weeks after. Therefore, their general consensus was that there was scant indication that she was injured during the scuffle and that her complaints, to

the extent they were legitimate, were due to either the osteoporosis or a minor stroke.

Having determined that there was substantial evidence in support of the Commission's decision, it is unnecessary for us to review the claims of legal error, as they are dependent on our first finding that the disability claimed by appellant resulted from an injury sustained in employment. Accordingly, the decision of the Guam Superior Court is AFFIRMED.