110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth ZIEGLER, Plaintiff-Appellant,
v.
John H. DALTON, Secretary of the Navy, Defendant-Appellee.
 No. 95-36119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
Decided March 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elizabeth Ziegler appeals the entry of summary judgment on her Title VII sexual harassment claim against the Navy.
 
 
 3
 Ziegler concedes that CACI was her primary employer. However, she contends she is entitled to relief under 42 U.S.C. § 2000e-16(a) of Title VII because, at the very least, she should be considered a "joint employee" of CACI and the Navy. Based largely on the reasoning contained in Spirides v. Reinhardt, 613 F.2d 826, 829 (D.C.Cir.1979), and King v. Dalton, 895 F.Supp. 831 (E.D.Va.1995), Ziegler argues that because the Navy owned the actual workplace where the sexual harassment occurred and because the civilian employee of the Navy, who sexually harassed Ziegler, had some say in how her work was done, she raised sufficient questions of fact from which a jury could infer that she had more than one employer under § 2000e-16. We disagree.
 
 
 4
 Although we are willing to acknowledge that under "appropriate circumstances" an aggrieved employee may have more than one employer for purposes of § 2000e-16, we conclude that those circumstances do not exist in this case. See King v. Dalton, 895 F.Supp. at 837 (recognizing § 2000e-16 can be read to permit multiple employers for purposes of Title VII liability).
 
 
 5
 We do not find the fact that the Navy owned the actual work site to be dispositive. To do so would result in making all employees of private Naval contractors and subcontractors--who work at Naval sites--joint employees of the Navy under § 2000e-16. Instead, we find the determinative factor in this appeal to be whether or not the record contains sufficient facts from which a jury could reasonably infer that the Navy maintained "the sort of direct, supervisory control over the daily details of [Ziegler's] work to render it her employer," or at least a "joint" employer with CACI. Id. at 841 (emphasis added). See also Loomis Cabinet Co. v. OSHRC, 20 F.3d 938, 942 (9th Cir.1994) (central inquiry in determining existence of employment relationship: "who controls the work environment?").
 
 
 6
 Ziegler was hired, paid, issued benefits from, and supervised by CACI--a subcontractor of MANCON. CACI determined the job duties of all its employees, including Ziegler, and assigned them to specific sites. CACI and MANCON had on-site managers to oversee their employees and the Navy personnel had no authority to interfere in the supervision of those employees. By virtue of the fact that the Navy hired MANCON, who subcontracted with CACI, to do work for the Navy--the Navy concedes that its personnel had some input for purposes of "quality control" when it came to the kind of work performed by Ziegler. However, beyond limited steps to insure that the subcontractor's employees were fulfilling the Navy's actual needs, the Navy did not treat or consider CACI/MANCON employees as its employees, and Navy personnel did not exercise direct, supervisory control over Ziegler's work or the actual terms and conditions of her employment with CACI.
 
 
 7
 At the time of the sexual harassment incidents, we conclude as a matter of law that Ziegler was an employee of CACI--not a joint employee of CACI and the Navy within the meaning of 42 U.S.C. § 2000e-16--and therefore, she is precluded from pursuing an action against the Navy under Title VII.
 
 
 8
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3