**INTERSTATE BRANDS CORPORATION, Petitioner,**

v.

**UNITED STATES OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent.**

No. 01–70875.
OSHA–00–1643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided Feb. 27, 2003.

Before KLEINFELD and MCKEOWN, Circuit Judges, and BREYER, District Judge.*

## MEMORANDUM **

Interstate Brands Corporation ("IBC") appeals from a final order of the Occupational Safety and Health Review Commission ("OSHRC") vacating IBC's notice of contest with respect to a safety citation issued to an IBC bakery in Billings, Montana. The OSHRC, which adopted the ruling of the administrative law judge, found that IBC could not contest the citation because it entered into an informal settlement agreement pursuant to which it waived its right to contest. The OSHRC rejected IBC's argument that the settlement agreement was not binding because the individual who signed the agreement on IBC's behalf—Debra Weisgarber—had neither actual nor apparent authority to do so.

We have jurisdiction under 29 U.S.C. § 660(a). We "must uphold a decision of the OSHRC unless it is arbitrary and capricious, not in accordance with the law, or in excess of the authority granted by [the Occupational Safety and Health Act]." *Loomis Cabinet Co. v. OSHRC,* 20 F.3d 938, 941 (9th Cir.1994). We "review the Commission's factual findings under the substantial evidence standard" and "accept reasonable factual inferences drawn by the Commission." *Id.*

The OSHRC's determination that Ms. Weisgarber had ostensible authority to enter into a settlement agreement on IBC's behalf was supported by the evidence in the record. IBC requested a settlement conference and then sent Weisgarber to the conference as one of the company's representatives. The OSHA representatives at the conference had dealt previously with Weisgarber in the context of the bakery inspection, and based on that experience had reason to believe that Weisgarber would not act outside the scope of her authority without obtaining corporate approval. While there is no dispute that Weisgarber did not have actual authority to settle on behalf of IBC, ostensible authority under Montana law "can be implied from the words and conduct of the parties and the circumstances of the particular

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

case notwithstanding a denial by the alleged principal." *Youderian Constr., Inc. v. Hall*, 285 Mont. 1, 945 P.2d 909, 913 (Mont.1997). On the basis of the facts contained in the record, the OSHRC did not act capriciously or contrary to law in concluding that Weisgarber had ostensible authority to settle a $5,000 citation. Because there were no facts in dispute, there was no need for an evidentiary hearing on this issue.

The settlement agreement became effective on signature. *See Sec. of Labor v. Zantec Dev. Co.*, No. 93–2614, 1994 WL 590436, at *1 (O.S.H.R.C. Oct. 13, 1994) ("Settlement agreements ... are binding and enforceable under familiar principles of contract law, and are not subject to unilateral rescission."). Since the agreement's terms included waiver of the right to contest the citation, IBC's subsequent filing of a notice of contest was ineffectual even though it was filed before the contest period expired.

The argument that IBC repudiated the settlement agreement by promptly notifying OSHA that Weisgarber did not have settlement authority was not raised in the briefs and will not be considered here.

IBC's "greater hazard" defense was irrelevant to the validity of IBC's notice of contest. Since the OSHRC never considered the merits of the notice of contest, the Commission did not err by failing to address the "greater hazard" defense.

AFFIRMED.