**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICIA MURRAY, a married
woman,
          *Plaintiff-Appellant,*

          v.

PRINCIPAL FINANCIAL GROUP, INC., a
Delaware corporation; PRINCIPAL
LIFE INSURANCE COMPANY, an Iowa
corporation; PRINCOR FINANCIAL
SERVICES CORPORATION, an Iowa
corporation,
          *Defendants-Appellees.*

No. 09-16664

D.C. No.
2:08-cv-01094-SRB

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted
June 17, 2010—San Francisco, California

Filed July 27, 2010

Before: Mary M. Schroeder and Jay S. Bybee, Circuit
Judges, and Alicemarie H. Stotler, Senior District Judge.*

Opinion by Judge Schroeder

---

*The Honorable Alicemarie H. Stotler, Senior United States District
Judge for the Central District of California, sitting by designation.

10847

## COUNSEL

Bradley Schleier, Phoenix, Arizona, for plaintiff-appellant Patricia Murray.

Barbara McCloud, Phoenix, Arizona, for defendants-appellees Principal Financial Group, Inc., et al.

---

**OPINION**

SCHROEDER, Circuit Judge:

The plaintiff in this case, Patricia Murray, is a "career agent" for the defendants, Principal Financial Group, Inc., Principal Life Insurance Company, and Princor Financial Services Corporation (collectively "Principal"). Murray and other Principal career agents sell Principal products that include a wide range of financial products and services, including annuities, disability income, 401(k) plans, and insurance. Murray sued Principal for sex discrimination in violation of Title VII. The only issue before us is whether Murray is an "employee" within the meaning of that statute, or whether she should be regarded as an independent contractor. Murray is entitled to the protections of Title VII only if she is an employee. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).

**[1]** The district court correctly held that Murray is not an employee, granting summary judgment for Principal. In her appeal, Murray argues that Principal exercises sufficient control over the conduct of her duties to qualify her as an employee. We, along with virtually every other Circuit to consider similar issues, have held that insurance agents are independent contractors and not employees for purposes of various federal employment statutes, including the Employee Retirement Income Security Act ("ERISA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII. *See, e.g., Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310 (9th Cir. 1998); *Weary v. Cochran*, 377 F.3d 522 (6th Cir. 2004); *Wortham v. Am. Family Ins. Group*, 385 F.3d 1139 (8th Cir. 2004).

**[2]** We write principally to clarify the source of the appropriate test to apply in this federal statutory context. The able district judge viewed our decisions as reflecting three different formulations of the test to determine whether an individual is an independent contractor or an employee for purposes of Title VII: a "common law agency" test, an "economic realities" test, and a "common law hybrid" test. The district court characterized the common law agency test as "focus[ing] on 'the hiring party's right to control the manner and means by which the product is accomplished," and quoted the factors identified by the Supreme Court in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992). The district court perceived the second test to have been set forth by our court in *Adcock*, where we said that "[d]etermining whether a relationship is one of employment or independent contractual affiliation requires a fact-specific inquiry which depends on the economic realities of the situation." 166 F.3d at 1292 (internal quotation marks omitted). The district court stated, however, that the "primary factor" of that test is "the extent of the employer's right to control the means and manner of the worker's performance." The district court saw still a third test in *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980), where we enumerated more factors. The district court characterized this as combining the common law and economic realities tests to form a "common law hybrid test."

**[3]** We take this opportunity to clarify what the district court ultimately recognized: there is no functional difference between the three formulations. *See Adcock*, 166 F.3d at 1292 n.3 ("The common law agency approach [of *Darden*] is essentially indistinguishable from the approach previously used by this Circuit . . . ."). Even if the differences in formulation might suggest a difference in practical application, however, *Darden*'s common law test as pronounced by the Supreme Court would have to control. We have previously said that the Supreme Court intended the *Darden* analysis to control whenever an employment statute defines the term "employee" in

the way ERISA does, and the statute in question does not otherwise suggest that the common law test would be inappropriate. *See Barnhart*, 141 F.3d at 1313 (applying *Darden* analysis to definition of "employee" in the ADEA); *Loomis Cabinet Co. v. Occupational Safety & Health Review Comm'n*, 20 F.3d 938, 941 (9th Cir. 1994) (applying *Darden* analysis to definition of "employee" in the Occupational Health and Safety Act). Both ERISA and Title VII define "employee" in a circular manner as "an individual employed by an employer." 42 U.S.C. § 2000e(f); 29 U.S.C. § 1002(6). There is no reason why the *Darden* test would be inappropriate in the Title VII context.

**[4]** Thus, when determining whether an individual is an independent contractor or an employee for purposes of Title VII, a court should evaluate "the hiring party's right to control the manner and means by which the product is accomplished." *Darden*, 503 U.S. at 323. The factors relevant to this inquiry, as identified by the Supreme Court, are:

> [1] the skill required; [2] the source of the instrumentalities and tools; [3] the location of the work; [4] the duration of the relationship between the parties; [5] whether the hiring party has the right to assign additional projects to the hired party; [6] the extent of the hired party's discretion over when and how long to work; [7] the method of payment; [8] the hired party's role in hiring and paying assistants; [9] whether the work is part of the regular business of the hiring party; [10] whether the hiring party is in business; [11] the provision of employee benefits; and [12] the tax treatment of the hired party.

*Id.*

Applying these factors to Murray's case, we find Murray's situation to be virtually indistinguishable from that which we considered in *Barnhart*, when we decided that an insurance

agent was an independent contractor under the *Darden* test for purposes of discrimination under the ADEA and ERISA. 141 F.3d at 1312-13. We concluded that the district court had correctly granted summary judgment to the defendant because the plaintiff was an independent contractor. *Id.* We reach the same result here.

**[5]** Here, as in *Barnhart*, several factors strongly favor classifying Murray as an independent contractor. Like Barnhart, Murray is "free to operate [her] business as [she] s[ees] fit without day-to-day intrusions." *See id.* at 1313. Murray decides when and where to work, and in fact maintains her own office, where she pays rent. She schedules her own time off, and is not entitled to vacation or sick days. Also like Barnhart, Murray is paid on commission only, reports herself as self-employed to the IRS, and sells products other than those offered by Principal in limited circumstances.

**[6]** There are a few factors present in Murray's case, as there were in *Barnhart*, that support the argument that Murray is an employee. Murray receives some benefits, has a long-term relationship with Principal, possesses an at-will contract, and is subject to some minimum standards imposed by the hiring party. These, however, on balance, are insufficient to overcome the strong indications that Murray is an independent contractor. *See Barnhart,* 141 F.3d at 1313.

**[7]** The parties dispute the minutiae of some aspects of Murray's relationship with Principal, relating to who bears responsibility for providing some of the instrumentalities and tools required for Murray to perform her job, the degree of autonomy that Murray has to select and retain her assistant, and the degree to which Principal requires Murray to document and report her work. Even when all of these issues are resolved in Murray's favor, however, the overall picture presented by Murray's relationship with Principal is still one of an independent contractor rather than an employee. *See Barnhart*, 141 F.3d at 1313. The defendants do not control the

manner and means by which Murray sells their financial products.

**AFFIRMED**.