
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEICHERT CONSTRUCTION, | No. 12-71508 |
| Petitioner-Appellant, | OSHAC No. 10-0220 |
| v. | |
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Petition for Review of the Occupational
Safety and Health Review Commission

Submitted May 14, 2014[**]
San Francisco, California

Before:    SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District
Judge.[***]

Petitioner Teichert Construction ("Teichert") petitions for review of the

Occupational Safety and Health Review Commission's ("OSHRC") decision finding

three violations of the Occupational Safety and Health Act of 1970 ("the Act") at

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Teichert's construction site in Paso Robles, California. Because the OSHRC's findings are supported by substantial evidence, we affirm.

Following an inspection by OSHA Compliance Officer Van Arden Howell, Teichert was issued a citation on February 1, 2010, alleging four serious violations of the Act. The first violation was later dismissed by agreement of the parties. The remaining three alleged violations of: (1) 29 C.F.R. § 1926.601(b)(14) for failure to check and correct the brakes on a truck before placing the truck into service; (2) 29 C.F.R. § 1926.651(j)(2) for failing to keep a spoil pile at least two feet from the edge of an excavation; and (3) 29 C.F.R. § 1926.652(b) for failing to comply with the protective system for the excavation, designed by a registered professional engineer. Administrative Law Judge Dennis L. Phillips ("ALJ") held a hearing on Teichert's objections to the citations, and ultimately concluded that the three citations were supported by the evidence. Teichert filed for discretionary review to the OSHRC, which declined review, making the ALJ's ruling the final order of the OSHRC. 29 C.F.R. § 2200.90(d).

We must affirm the ALJ's findings of fact "if supported by substantial evidence on the record considered as a whole" 29 U.S.C. § 660(a), and we accept "reasonable factual inferences drawn by the [ALJ]." *Phelps Dodge Corp. v. Occupational Safety & Health Review Comm'n*, 725 F.2d 1237, 1239 (9th Cir. 1984). Further, we "must

2

uphold a decision of the OSHRC unless it is arbitrary and capricious, not in accordance with the law, or in excess of the authority granted by OSHA." *Loomis Cabinet Co. v. Occupational Safety & Health Review Comm'n*, 20 F.3d 938, 941 (9th Cir. 1994).

We first address the violation of 29 C.F.R. § 1926.601(b)(14). The regulation requires that vehicles be inspected at the beginning of each shift. Teichert argues that the evidence supports a conclusion that the truck's brakes were inspected—pointing to employee George Marquez's statement to Howell that he inspected the brakes. However, this evidence was rejected by the ALJ. The ALJ found that the required safety sheets, which document when trucks are checked, were not filled out on the day of the accident. Further, the ALJ found that no safety sheet in the record showed that Marquez ever filed a safety sheet during the month before the accident. Accordingly, the ALJ discredited Marquez's claims and found that the truck had not been inspected.

We may not overturn these credibility findings unless they are "'inherently incredible or patently unreasonable.'" *Todd Pac. Shipyards Corp. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, 914 F.2d 1317, 1321 (9th Cir. 1990) (quoting *Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1335 (9th Cir. 1978)). The ALJ's findings are neither. Marquez's inability to explain why he did not fill out the safety forms, and a lack of evidence that Marquez filled out the forms in the

past—coupled with the fact that a post-accident inspection revealed the brakes were out of alignment—supports the ALJ's finding that the vehicle was not inspected on August 20 and was placed into service with a defect.

We next address the violation of 29 C.F.R. § 1926.651(j)(2). That provision requires all spoil—i.e., debris—to be kept at least two feet from the edge of an excavation. The ALJ credited Howell's testimony that he observed the spoil pile within inches of the excavation on August 25, 2009. Teichert argues that the pile moved between the date of the accident (August 20) and the date of the inspection (August 25). Howell testified that he considered this possibility. But, after comparing the photographs taken by the coroner's office on the date of the accident with his own photographs from the date of the inspection, Howell determined that the pile had not moved between the two dates. The ALJ could accept this view.

Teichert argues in the alternative that even if the pile was closer than two feet to the excavation, employees were not exposed to the hazard because they only entered the excavation through the bell holes. *See Buffets, Inc.*, 21 BNA OSHC 1065 (No. 03-2097, 2005) (finding that "the Secretary must show that employees are in fact exposed to a hazard") (internal quotation marks omitted). The ALJ found that employees were exposed to the hazard of falling debris in other areas of the excavation. Specifically, he pointed to the testimony of Teichert employee Sean

Kennedy, who testified that employees work in the areas between the bell holes for various reasons—including to set a line pin, and to put sand on top of the pipe. Thus, employees were exposed to the hazards created by the spoil pile on the edge of the excavation.

Finally, we address the violation of 29 C.F.R. § 1926.652(b) for failure to comply with the protective system for the excavation, designed by a registered professional engineer ("RPE plan"). Teichert claims it was not following the RPE plan at the specific portion of the excavation at issue, but rather was complying "with the requirements of the controlling safety standards." The ALJ considered this argument, but found that Teichert had stipulated that it was following the RPE plan, by agreeing prior to trial: "Pursuant to 29 C.F.R. § [1926.]652(b) (4), Respondent opted to have the protective system for the trench designed by a registered professional engineer." Teichert makes no argument here as to why the ALJ improperly relied on the stipulation.

Based on Howell's observation of the trench, and on the photographs of the trench, the ALJ found that the pile was closer to the sloping system than permitted by the RPE plan. Employees were exposed to the hazard of falling spoil because some employees worked in the areas between the bell holes. This finding is supported by the record and relies on evidentiary findings that we do not disturb.

5

**PETITION FOR REVIEW DENIED.**