**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | No. 13-55217 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:12-cv-00632-JFW-MAN |
| v. | |
| GABRIELIAN AND ASSOCIATES INSURANCE SERVICES, INC., | MEMORANDUM[*] and ORDER |
| Defendant-counter-claimant - Appellant, | |
| LEO GABRIELIAN, an individual, | |
| Counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 10, 2015[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Appellants Leo Gabrielian and Gabrielian and Associates Insurance Services, Inc., (G&A) appeal from the district court's judgment in favor of appellee Guardian Life Insurance. The district court had jurisdiction under 28 U.S.C. § 1332(a), and we have jurisdiction under 28 U.S.C. § 1291.

**1.** The district court did not err in finding that Guardian Life had the right to rescind the G&A policy based on Gabrielian's material misrepresentation of Melissa Alexanians' status as an employee. *See Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000). Alexanians was not an "employee" for purposes of the Employee Retirement Income Security Act of 1974 (ERISA), as Gabrielian and G&A appear to concede. To determine whether Alexanians was an ERISA employee, we need not decide whether the district court abused its discretion in admitting Alexanians' statements to the Guardian Life investigator. *See Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004); Fed. R. Evid. 801, 802. Even without these statements, the district court's conclusion that Alexanians was not an ERISA employee was not erroneous, so Gabrielian and G&A suffered no prejudice from the statements' admission. *See Tritchler*, 358 F.3d at 1155.

Alexanians fails to qualify as an ERISA employee under the *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992), factors, because Gabrielian

did not "control the manner and means by which" Alexanians worked: Alexanians and Gabrielian worked in separate physical locations; Gabrielian does not appear to have provided Alexanians with any tools or instrumentalities; Alexanians appeared to control her work hours; the two worked together for at most only four months; and Alexanians was paid only by commission. *Id.* at 323–24; *see also Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944–45 (9th Cir. 2010) (applying *Darden* factors to find that the plaintiff insurance agent was not an ERISA employee and noting that we have previously "held that insurance agents are independent contractors and not employees for purposes of . . . ERISA").

Because Alexanians was not an ERISA employee, Gabrielian's claim to the contrary constituted a material misrepresentation. *See Security Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1192 (9th Cir. 1998) (defining a misrepresentation as material if it "affect[s] insurability or the amount of premium"). G&A's policy rider and certificate clearly established that ERISA governed G&A's policy. Under ERISA, an "employee benefit plan must cover at least one employee." *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 875 (9th Cir. 2001). Thus, had Guardian Life known that Alexanians was not an "employee" for ERISA purposes, it likely would not have issued the policy in the first instance.

**2.** Appellants argue for the first time on appeal that California law, not ERISA, should govern the policy at issue. This is a "choice-of-law question that is waived unless it is timely raised." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986). Because the issue was not timely raised in the district court, we decline to consider the issue here.

**3.** Appellants' motion for judicial notice is denied.

**AFFIRMED.**