**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THUY P. JOSEPH, | No. 14-35205 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00267-EJL-MHW |
| v. | |
| BOISE STATE UNIVERSITY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Thuy P. Joseph appeals pro se from the district court's judgment dismissing

her race and national origin discrimination action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Fed. R. Civ. P. 12(b)(6), and may affirm on any basis supported by

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Joseph's action because Joseph failed to allege facts sufficient to show that any defendant discriminated against her on the basis of her race or national origin, or retaliated against her for filing a complaint with the Idaho Human Rights Commission. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether a complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint"); *see also* 42 U.S.C. § 2000d (setting forth text of Title VI); *Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 944 (9th Cir. 2010) (Title VII only applies to employees); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (§ 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject Joseph's contentions that the district court was unfairly prejudiced against her.

**AFFIRMED.**