**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERGELECTRIC CORP., *Petitioner*, v. SECRETARY OF LABOR, *Respondent*. | No. 17-72852 OSHA No. 16-0728 OPINION |

On Petition for Review of an Order of the
Occupational Safety & Health Administration

Submitted March 15, 2019[*]
San Francisco, California

Filed June 6, 2019

Before: J. Clifford Wallace, Eugene E. Siler,[**]
and M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[***]

### Occupational Safety and Health Administration

The panel denied a petition for review of a final order of the Occupational Safety and Health Review Commission affirming a citation that Bergelectric Corp. violated the Occupational Safety and Health Administration's fall protection standards in 29 C.F.R. § 1926.501(b)(1).

The panel concluded that Bergelectric was not performing roofing work when it installed solar panels on a roof, and substantial evidence supported the finding that that it did not comply with the stricter safety standards of 29 C.F.R. § 501(b)(1) governing work on unprotected sides and edges. The panel rejected Bergelectric's argument that its installation of solar panels on the hanger roof was governed by the laxer standard for roofing work on low-sloped roofs in 29 C.F.R. § 1926.501(b)(1), rather than the stricter general standard applied to unprotected sides and edges.

### COUNSEL

Robert D. Peterson, Robert D. Peterson Law Corporation, Rocklin, California, for Petitioner.

Scott Glabman, Senior Appellate Attorney; Heather R. Phillips, Counsel for Appellate Litigation; Ann Rosenthal,

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Associate Solicitor for Occupational Safety and Health; Kate S. O'Scannlain, Solicitor of Labor; United States Department of Labor, Washington, D.C.; for Respondent.

## OPINION

PER CURIAM:

Bergelectric Corporation seeks review of a final order of the Occupational Safety and Health Review Commission ("Commission") affirming a citation that alleged Bergelectric violated the Occupational Safety and Health Administration's ("OSHA") fall protection standards, 29 C.F.R. § 1926.501(b)(1), and assessed a penalty of $3,000. Resolution of this appeal largely rests on whether Bergelectric's installation of solar panels constitutes "roofing work." We conclude that Bergelectric was not performing roofing work and that substantial evidence supports the finding that it did not comply with the stricter safety standards governing work on unprotected sides and edges. We **DENY** the petition for review.

## FACTUAL AND PROCEDURAL HISTORY

Bergelectric Corporation ("Bergelectric") is a California-based electrical contractor. As a single part of a larger renovation project, Bergelectric was hired to install photovoltaic panels (i.e., solar panels) on the roof of a hangar at the Marine Corps Air Station Miramar in San Diego, California. Beginning on February 24, 2016, Compliance Safety and Health Officer Eric Christensen conducted a two-day inspection of the project, including inspection of Bergelectric's activities at the worksite.

During the inspection, four Bergelectric employees were installing solar panels on the upper roof of the hangar. Bergelectric employees informed Christensen that they were using warning lines and a safety monitor to comply with fall protection obligations. Additionally, the employees indicated they would affix personal fall arrest systems ("PFAS") if they moved outside the warning lines. During his time on site, Christensen observed no employees using PFAS and no guardrails in place. The site had no safety nets.

Based on the inspection, OSHA issued a citation alleging three serious violations of the fall protection standards found in Subpart M of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 659(c). One violation was based on the general standards of 29 C.F.R. § 1926.501(b)(1), which require employees working near the unprotected sides and edges of certain roofs to be protected by guardrail systems, safety net systems, or PFAS. Two violations were based on the alternative standards of 29 C.F.R. § 1926.501(b)(10), which apply to employees performing roofing work on low-sloped roofs and allow fall protection obligations to be satisfied by the use of warning lines and a safety monitor.

Following a hearing, the administrative law judge ("ALJ") found that the principal fall standard of § (b)(1) applied because Bergelectric employees were not performing "roofing work," and that Bergelectric violated the standard because it failed to use PFAS, safety nets, or guardrails.[1] Bergelectric appealed the order to the Commission, which declined review. Therefore, the

---

[1] The ALJ dismissed the citations premised on § (b)(10).

decision of the ALJ became a final order of the Commission in 2017.

Bergelectric appeals its violation to this court pursuant to 29 U.S.C. § 660. It argues the ALJ erred by applying § (b)(1) rather than § (b)(10), and that it complied with § (b)(10). Bergelectric also argues that, since evidence indicated that its employees would have used PFAS had they moved outside the warning lines, the Secretary cannot prove that the employees were exposed to a risk of falling. We conclude neither argument has merit and the Commission's decision is supported by substantial evidence.

## STANDARD OF REVIEW

The court has jurisdiction to review the Commission's final order under 29 U.S.C. § 660(a). The Commission's factual findings are treated as "conclusive" if supported by substantial evidence from the record as a whole. 29 U.S.C. § 660(a); *see also R. Williams Constr. Co. v. OSHRC*, 464 F.3d 1060, 1063 (9th Cir. 2006). Substantial evidence exists if the "record contains such relevant evidence as reasonable minds might accept as adequate to support a conclusion," even if a different conclusion is possible. *Loomis Cabinet Co. v. OSHRC*, 20 F.3d 938, 941 (9th Cir. 1994). A decision of the Commission must be upheld unless it is "arbitrary and capricious, not in accordance with the law, or in excess of the authority granted by OSHA." *Id.*

## DISCUSSION

OSHA regulations require employers to provide fall protection systems in certain circumstances. 29 C.F.R. § 1926.501(a). The type of system required depends largely on the work performed and the environment in which it is

performed.  To prove a prima facie violation of a particular safety standard:

> [T]he Secretary must show by a preponderance of the evidence that (1) the cited standard applies; (2) the employer failed to comply with the terms of the cited standard; (3) employees had access to the violative condition; and (4) the cited employer either knew or could have known with the exercise of reasonable diligence of the violative condition.

*Sec'y of Labor v. Nuprecon LP*, 23 BNA OSHC 1817, 2012 WL 525154, at \*1, n.3 (No. 08-1037, Feb. 7, 2012).  On appeal, Bergelectric attacks the ALJ's analysis of steps one and three.

## I.   The Appropriate Standard

Bergelectric's primary argument is that its installation of solar panels on the hangar was governed by the laxer safety standard for roofing work on low-sloped roofs, rather than the stricter general standard applied to unprotected sides and edges.

Section 1926.501(b)(1), the provision Bergelectric was found in violation of, provides:

> Unprotected sides and edges.  Each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8 m) or more above a lower level shall be protected from falling by

the use of guardrail systems, safety net systems, or personal fall arrest systems.

29 C.F.R. § 1926.501(b)(1).

Section 1926.501(b)(10), the provision Bergelectric argues is applicable, provides:

Roofing work on Low-slope roofs. Except as otherwise provided in paragraph (b) of this section, each employee engaged in roofing activities on low-slope roofs, with unprotected sides and edges 6 feet (1.8 m) or more above lower levels shall be protected from falling by guardrail systems, safety net systems, personal fall arrest systems, or a combination of warning line system and guardrail system, warning line system and safety net system, or warning line system and personal fall arrest system, or warning line system and safety monitoring system.

29 C.F.R. § 1926.501(b)(10).

The parties agree that the upper roof of the hangar was low-sloped and six feet or more above a lower level. The parties disagree as to whether Bergelectric's installation of solar panels constitutes roofing activities under § (b)(10).

The regulations define "[r]oofing work" as the "hoisting, storage, application, and removal of roofing materials and equipment, including related insulation, sheet metal, and vapor barrier work, but not including the construction of the

roof deck." 29 C.F.R. § 1926.500(b).[2] Installation of solar panels is not referenced in this definition. Bergelectric urges the court to find it an "application . . . of roofing materials and equipment." *Id.* But the definition's plain language suggests otherwise. It makes clear that roofing work does not extend to all materials and equipment that could be applied atop a roof, but rather *roofing* materials and equipment. *Id.* And there is no trickery here: the plain meaning of the verb "roof" is to "provide or cover with a roof." *Roof*, Oxford English Dictionary, http://www.oed.com/view/Entry/167251 (last visited May 2, 2019); *see also Safe Air For Everyone v. EPA*, 488 F.3d 1088, 1097 (9th Cir. 2007) ("As a general interpretative principle, the plain meaning of a regulation governs." (internal quotation marks and citation omitted)). To constitute roofing materials and equipment, the materials and equipment must be connected to the act of roofing. This is confirmed by the examples of roofing materials and equipment offered by section 1926.500(b), each of which is an item or process used to roof a building: "related insulation, sheet metal, and vapor barrier work."[3]

Here, Bergelectric's activities on the hangar have no connection to roofing and were, instead, simply the installation of a system that often happens to sit atop a roof.

---

[2] While the title of § 1926.501(b)(10) is "Roofing work on Low-slope roofs," the text of the section refers to "roofing activities on low-slope roofs." Neither party discusses this distinction, and both parties cite the definition of "Roofing work" contained in § 1926.500(b) as dispositive.

[3] When questioned regarding whether Bergelectric was installing roofing materials, Bergelectric's safety manager, Calvin King, demonstrated a similar understanding: "Roofing materials like–you mean like shingles and stuff like that?"

There is no evidence that Bergelectric was hired to perform anything other than the installation of solar panels, much less work connected to the roofing of the hangar. Therefore, the safety standards of 29 C.F.R. § 1926.501(b)(10) are inapplicable.

## II. Violation of 29 C.F.R. § 1926.501(b)(1)

Substantial evidence supports the ALJ's decision that Bergelectric did not comply with § 1926.501(b)(1). Most obviously, § (b)(1) requires that Bergelectric protect its employees from falling by providing guardrail systems, safety net systems, or PFAS. Evidence in the record showed it used none of the three. Christensen testified that no employees were using PFAS on the roof of the hangar, and there were no guardrails erected. The parties stipulated that safety nets were not in place around the hangar.

Bergelectric is not saved by its contention that, since its employees would have used PFAS had they stepped outside the company's warning lines, the Secretary cannot prove that the employees were ever exposed to a fall hazard. Bergelectric overlooks that exposure to a violative condition can be established by showing that access to the hazard was reasonably predictable, regardless of actual exposure. *Sec'y of Labor v. Phoenix Roofing, Inc.*, 17 BNA OSHC 1076, 1995 WL 82313, at *3 (No. 90-2148, Feb. 24, 1995). The "'inquiry is not simply into whether exposure is theoretically possible,' but whether it is reasonably predictable 'either by operational necessity or otherwise (including inadvertence), that employees have been, are, or will be in the zone of danger.'" *Nuprecon LP*, 23 BNA OSHC 1817, 2012 WL 525154, at *2 (quoting *Sec'y of Labor v. Fabricated Metal Prods., Inc.*, 18 BNA OSHC 1072, 1997 WL 694096, at *3 (No. 93-1853, Nov. 7, 1997)). And "a personal fall arrest system must be tied off the moment [an employee] is

exposed to the hazard of falling . . . . [It] is useless unless it is properly secured as soon as the danger of falling arises." *N&N Contractors, Inc. v. OSHRC*, 255 F.3d 122, 126 (4th Cir. 2001).

Substantial evidence supports the ALJ's conclusion that Bergelectric employees were subject to the danger of falling prior to proper use of PFAS. Multiple employees worked within eight or nine feet of an unprotected edge. The ALJ considered photographs showing that the structure of the upper roof presented the potential for inadvertent tripping and stumbling, including raised seams running the entire length of the roof and wire cabling adjacent to the warning lines. Being eight or nine feet from an unprotected edge— coupled with evidence that tripping hazards existed which could bring them even closer to the edge—is sufficient to find the employees were exposed to a fall hazard. *See Sec'y of Labor v. Cornell & Co.*, 5 BNA OSHC 1736, 1977 WL 7738, at *3 (No. 8721, Aug. 25, 1977) (access to fall hazard when employees standing ten feet from open elevator shafts); *Sec'y of Labor v. Dic-Underhill*, 8 BNA OSHC 2223, 1980 WL 10689, at *7–8 (No. 10798, Nov. 3, 1980) (access to fall hazard where employees worked 25 feet from the unguarded edge, but work would eventually take them closer); *Phoenix Roofing*, 17 BNA OSHC 1076, 1995 WL 82313, at *3 (finding exposure where employees were "about 12 feet" from unguarded skylights); *Nuprecon LP*, 23 BNA OSHC 1817, 2012 WL 525154, at *3 (employee was exposed to hazard when positioned "closely adjacent" to unprotected edge).

Finally, Bergelectric does not challenge the ALJ's findings that it knew of the conditions constituting the violation and that the violation was serious, and substantial evidence supported those findings. Thus, the ALJ did not

err in finding Bergelectric liable for a violation of 29 C.F.R. § 1926.501(b)(1).

## CONCLUSION

We **DENY** the petition for review of the Commission's final order.